Paul MARTINEZ, Appellant,

v.

The STATE of Texas, Appellee.

No. 46546.

Court of Criminal Appeals of Texas.

Oct. 17, 1973.

Ronald Aultman and Jerry Loftin, Fort Worth, for appellant.

Tim Curry, Dist. Atty., Marvin D. Snodgrass, J. J. Heinemann, R. W. Crampton, Howard Fender, Asst. Dist. Attys., Fort Worth and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

ROBERTS, Judge.

The appellant was convicted of the offense of unlawfully carrying arms on premises licensed under the Texas Liquor Control Act. His sentence was assessed at two years' confinement in the Texas Department of Corrections.

■ Appellant's first two grounds of error relate to the admission into evidence of a pistol taken from his person.

The record reflects that a group of Fort Worth police officers and investigators for the Alcoholic Beverage Commission entered the Indian Lounge in Fort Worth late in the evening of November 14, 1970. Their purpose in being there was to ·check for the presence of illegal immigrants and possible liquor law violations. During the progress of the investigation appellant came to the front door of the lounge, told the officer there that he was looking for someone, and stated that he wanted to enter the lounge. Appellant then entered the lounge, passing closely one of the officers who was stationed at the front door. This officer noticed a bulge on appellant's left side which, the officer testified, resembled a pistol.

The appellant proceeded into the lounge and about half-way to the bar, encountered an investigator for the Alcoholic Beverage Commission. Appellant asked the agent whether he was a police officer and, upon being shown a badge and receiving an affirmative answer, was asked by the agent if he (appellant) wished to speak with him. Appellant responded, "No, I don't want to talk to you." The officer then asked appellant " . . . if that (the bulge) was a gun he had under his belt."

The appellant then "clamped" his arm down against his left side, answered "No" and turned his back on the agent. The agent reached forward and pulled a pistol from appellant's belt. Appellant was then placed under arrest.

We have concluded that the seizure of the pistol was justified under the circumstances, and that its subsequent admission into evidence was valid, under the rule announced by the United States Supreme Court in Terry v. Ohio, 392 U.S. 1, 88 S. Ct. 1868, 20 L.Ed.2d 889 (1968).

■ Appellant next argues that the officer who seized the pistol was without authority to do so because he was not a police officer, but an agent of the Alcoholic Beverage Commission. This contention is without merit. Article 2.12, Vernon's Ann.C.C.P. lists certain persons who are peace officers, and among them are law enforcement agents of the Alcoholic Beverage Commission.

■ The fourth and fifth grounds of error raised by appellant go to the admission of an affidavit, by the Administrator of the Alcoholic Beverage Commission, relating to the license issued to the Indian Lounge, and a copy of the license.

The material was properly admissible as a "public record" under Arts. 3731a, 3731b and 3731c, Vernon's Ann.Civ.St., made applicable in criminal proceedings by virtue of Art. 38.02, V.A.C.C.P. See Brown v. State, 391 S.W.2d 425 (Tex.Cr.App.1965).

■ Appellant's sixth ground of error is that the trial court failed to properly define and differentiate the felony and misdemeanor offenses of carrying a prohibited weapon. We have read the court's charge and conclude that it adequately protected appellant's rights. There was no harm in refusing to grant the appellant's requested charges. See Parks v. State, 437 S.W.2d 554 (Tex.Cr.App.1969); Webster v. State, 455 S.W.2d 264 (Tex.Cr.App.1970).

■ The last ground of error asserted by appellant, which is raised for the first time on appeal, urges that the indictment was defective for failure to state specifically which type of license had been issued to the premises where the offense occurred. The indictment charges in terms of the statute. This is ordinarily sufficient and we deem it so in this case. See Neill v. State, 225 S.W.2d 829 (Tex.Cr.App. 1949).

The judgment is affirmed.