Dakota KING, Appellant,

v.

The STATE of Texas, Appellee.

No. 48565.

Court of Criminal Appeals of Texas.

June 26, 1974.

James E. Davis, Texarkana, for appellant.

Lynn Cooksey, Dist. Atty., Texarkana, Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

The appellant was convicted of the offense of sale of narcotics (heroin). Punishment was assessed by the jury at 35 years' confinement. The sufficiency of the evidence is not challenged.

Appellant's first ground of error urges that the court should have conducted a separate hearing on the issue of his incompetency to stand trial.

Prior to trial, appellant's counsel filed a "Motion for Complete Medical Examination" requesting that the court order that appellant be given a mental examination.[1]

There is no showing that appellant was indigent and unable to obtain the services of a doctor, and appellant does not argue that the court abused his discretion in refusing to grant the motion. He does argue that this motion, taken with another motion filed well after the commencement of the trial, sufficiently raised the issue of his competency to stand trial, and that he was entitled to a separate hearing on the matter.[2]

■ It is settled that the court need not inquire into the competency of an accused unless the same is made an issue. See the dissenting opinion on Appellant's Motion for Rehearing in Martin v. State, 504 S.W.2d 887 (Tex.Cr.App.1973) at p. 891, and cases there cited.

■ However, such a hearing should be held even absent a request when evidence of an accused's incompetency becomes manifest and a reasonable doubt as to his competency is raised in the mind of the court. See Wages v. State, 501 S.W.2d 105 (Tex.Cr.App.1973).

■ In the instant case, appellant offered no evidence in support of the bare allegations contained in his motions. He took the stand and his testimony is quite lucid. In these circumstances, we are unwilling to hold that an attorney's motion for separate sanity hearing and his unsupported assertion that his client is incompetent are sufficient, without more, to raise the issue of present insanity. Compare Perryman v. State, 494 S.W.2d 542 (Tex.Cr.App.1973) and Ainsworth v. State, 493 S.W.2d 517 (Tex.Cr.App.1973).

Appellant's second ground of error urges that the court erred in refusing to enforce an alleged agreement between defense counsel and the district attorney's office to the effect that the prosecution would be dismissed if the appellant submitted to and passed a polygraph examination.

■ Initially, we observe that it is now well-established that evidence regarding polygraph examinations is inadmissible for all purposes. See Romero v. State, 493 S.

1. The text of the motion is as follows:
"Defendant appears to have a mental defect which renders him incompetent and incapable of effectively assisting his attorney . . . Thus, in order to represent effectively Defendant in this cause, the Defendant's attorney respectfully moves and requests that the court order that the Defendant be given a thorough and complete mental examination which are [sic] presently known to the sciences of psychiatry, psychology and neurology by qualified doctors of psychiatry, psychology and neurology. The purpose of the requested examination is to provide the Defendant with complete and effective assistance of counsel . . . and to determine whether Defendant is insane at the present time and whether he was insane at the time of the offense alleged in this cause."

2. The second motion, which expressly requested a hearing on competency, advanced as grounds therefor the appellant's inability to remember the facts and events relating to the charge against him.

W.2d 206 (Tex.Cr.App.1973) and Lewis v. State, 500 S.W.2d 167 (Tex.Cr.App.1973).

However, in the instant case, an extensive hearing was held relating to this matter. Both the district attorney and his assistant denied that any such promise had been made. The court found that no such agreement had been made and denied the appellant's motion. There is ample evidence of record to support the court's conclusion. See Rodriquez v. State, Tex.Cr. App., 509 S.W.2d 319 (May 8, 1974). Appellant's second ground of error is overruled.

Appellant next contends that the court improperly refused to conduct a hearing, outside the presence of the jury, in order to determine if the appellant was justified in his desire to discharge his retained attorney.

The record reveals that about mid-way through the trial the appellant filed a *pro se* motion requesting that he be allowed to discharge his retained attorney and employ new counsel. Neither the appellant nor his counsel made any effort to present evidence in support of this motion, nor is the court's reason for denying it shown.

3. Appellant does not contend that he received ineffective assistance of counsel, nor would the record support such a contention.

4. Art. 36.03, Vernon's Ann.C.C.P., provides: "At the request of either party, the witnesses on both sides may be sworn and placed in the custody of an officer and removed out of the courtroom to some place where they cannot hear the testimony as delivered by any other witness in the cause. This is termed placing witnesses under rule."
Enforcement of the rule is in the discretion of the court. See Art. 36.04, V.A.C.C.P., also

Although appellant offered no evidence, he argues that the court should have held a hearing on this matter. The record reflects that appellant and the court discussed appellant's request, but appellant did not seek to have this discussion transcribed in the court reporter's notes, nor is the matter preserved by bill of exception.

Appellant's contention is without merit. Upon presenting his motion, appellant had a duty to offer evidence in support of it, and to preserve the evidence and discussions about the motion for review. This was not done. Absent this action, nothing is preserved for review.[3] See Jones v. State, 478 S.W.2d 937 (Tex.Cr. App.1972).

Appellant's last ground of error urges that the court erred in excusing certain narcotics agents and police officers from the operation of the rule.[4] Appellant made no objection to the court's action at the time, nor did he object when these officers testified. The error, if any, was waived.[5] See Tijerina v. State, 460 S.W. 2d 123 (Tex.Cr.App.1970).

The judgment is affirmed.

Arts. 36.05 and 36.06; and Walker v. State, 454 S.W.2d 415 (Tex.Cr.App.1970).

5. It appears from the record that the officers were witnesses in the case, and that the court justified their exclusion from the operation of the rule by stating that they were officers of the court. It should be noted that law enforcement officers who are witnesses in a case are not officers of the court unless they are acting in a limited capacity as bailiffs (see Art. 36.24, V.A.C.C.P., forbidding a witness to serve as bailiff) or in some other capacity as instructed by the judge.