Sam **MILLER**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 66259.

Court of Criminal Appeals of Texas, Panel No. 3.

Dec. 17, 1980.

John J. Knoff, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Calvin A. Hartmann and Ira Jones, II, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

Before ROBERTS, ODOM and PHILLIPS, JJ.

OPINION

ODOM, Judge.

This is an appeal from a conviction for voluntary manslaughter. Punishment was assessed at six years.

In his only ground of error appellant contends the State violated a plea bargain agreement. Appellant entered a plea of

nolo contendere in exchange for certain agreements by the prosecutor. One of the agreements was:

"... the State *will stand mute on the punishment* and will not oppose probation within the discretion of the court. The State *will make no* recommendation or *argument as to punishment* but can cross examine any witness produced by the defendant." (Emphasis added.)

The State presented argument to the court immediately before punishment was assessed:

"In making your decision, we ask the Court to consider this man has plead guilty to voluntarily slaughtering another human being. There is evidence in the presentence investigation report that this man was out with a 45 automatic and a shotgun and that he himself went out and fought his victim and he did shoot this man after emptying one gun at him and using another weapon also. We feel the court should consider State's Exhibits 2 and 3 for the fact that this man has committed crimes. One is a rape, and even though it happened in 1943, I am sure that the victim still recalls that offense. He's a two time ex–con, as well as other offenses that he has been charged with reflected in the PSI report. We ask the Court to consider that."

The law controlling this issue was stated in *Bass v. State,* 576 S.W.2d 400:

"This is not an instance where a trial court refused to follow an agreed recommendation upon a plea bargain and, thus, does not come within the ambit of Article 26.13, V.A.C.C.P. Rather, this is a dispute over whether the State breached its plea bargain with appellant, and must be examined in light of *Santobello v. New York,* 404 U.S. 257, 262, 92 S.Ct. 495, 499, 30 L.Ed.2d 427 (1971) where the United States Supreme Court stated that 'when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled.' If the prosecution does not live up to its part of the bargain,

doubt is raised as to whether or not the guilty plea induced by the broken bargain can be regarded as truly voluntary.

"The question before the Court in this case, as in *Santobello,* is not what the judge did or what his perceptions of the agreement were, but what went on between the prosecutor and the appellant. As the *Santobello* Court stated:

"'We need not reach the question whether the sentencing judge would or would not have been influenced had he known all the details of the negotiations for the plea. He stated that the prosecutor's recommendation did not influence him and we have no reason to doubt that. Nevertheless, we conclude that the interest of justice and appropriate recognition of the duties of the prosecution in relation to promises made in the negotiation of pleas of guilty will be best served by remanding the case to the state courts for further consideration.... We emphasize that this is in no sense to question the fairness of the sentencing judge; the fault here rests on the prosecutor, not on the sentencing judge.'"

The record in this case reveals a violation of those principles set out in *Bass v. State,* supra. Appellant is entitled to withdraw his plea.

The judgment is reversed and the cause remanded.