Sandra Kay CARTER, Appellant,

v.

The STATE of Texas, Appellee.

No. 65623.

Court of Criminal Appeals of Texas,
Panel No. 3.

Dec. 17, 1980.

Stanley G. Schneider, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Calvin A. Hartmann, and Robert N. Burdette, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

Before ROBERTS, ODOM and PHILLIPS, JJ., and QUENTIN KEITH, C.

OPINION

QUENTIN KEITH, Commissioner.

Appellant was indicted upon a two–count charge of murder as defined in V.T.C.A., Penal Code, Sec. 19.02. After a plea bargain, accompanied by a lengthy and complete admonishment by the trial judge, she entered a plea of nolo contendere; she signed a stipulation of the evidence, waived a trial by jury, and sought a probated sentence. Upon a complete record, the trial court accepted the plea and found her to be guilty as charged and fixed her punishment at confinement for thirty years on each count, the sentences being concurrent.

In her sole ground of error, appellant complains that she was denied due process because the State's attorney violated the plea bargain by arguing that she should be sent to prison rather than remaining silent as required by the agreement. We affirm.

When the trial court inquired of the existence and terms of the plea bargaining agreement, State's counsel replied:

"There has been an agreement, Your Honor. And, that is, that there will be no recommendation made to the Court."

After finding the appellant guilty of the offenses of murder, the trial court ordered a presentence report to be made but we do not find a copy thereof in our record. At the hearing on the imposition of sentence, at a time when appellant was present and represented by counsel, the Court asked State's counsel if the State had any evidence or witnesses to present at the hearing and received a negative answer. Counsel for the accused also declined the opportunity of presenting witnesses but indicated that "[w]e'll stand with that [the presentence report]."

The Court continued:

"Does either side wish to offer anything on the matter of punishment to be assessed in this case?"

To which counsel for the accused replied:

"We'll point out to the Court in argument that the psychologist talked with this young lady and gave her the test and indicated in the investigation report that TDC was not the place for her."

Whereupon, State's counsel, at the invitation of the Court, responded by reciting the efforts of the authors of the pre-sentence report to exhaust all leads and to present a complete report, continuing:

"I gather from the report as a whole, there is only one place in which this individual would properly be placed, and that is the TDC. That's all we have, sir. "THE COURT: The Court agrees that that's the import of the presentence investigation."

Appellant, relying upon *Santobello v. New York*, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971), argues that State's counsel violated the terms of the plea bargain by responding to the argument of her own counsel. Both parties cite and rely upon language used in *Bass v. State*, 576 S.W.2d 400 (Tex.Cr.App.1979), where the existence of an agreement, vel non, was a disputed issue of fact.

In our case, the agreement was that there would be no recommendation and such was honored by State's counsel. Appellant's counsel then argued, from the presentence report, that probation was the proper sentence. Under these circumstances, State's counsel was authorized to reply, and he confined himself to the terms of the same presentence report.

Thus, we reach the reserved question in *Bass v. State*, supra, as set out in footnote 1 on page 402:

"Had counsel for the prosecution limited his argument to opposing appellant's request for probation, we would be faced with an entirely different situation...."

As shown by our record quotations, appellant's counsel sought probation; State's counsel opposed—nothing more. Appellant had been convicted of two murders of her infant children and the Court imposed punishment at confinement for thirty years in each case and specifically ordered that the sentences would run concurrently.

State's counsel made no recommendation as to punishment; and, more importantly, the Court imposed a sentence which appellant does not suggest was harsh or improper.

The State observed its part of the plea bargain. We decline to permit appellant to argue probation while denying State's counsel the right to reply to such argument. The argument now complained of was simply opposition to the request for probation; the argument was not erroneous. The sole ground of error, being without merit, is overruled. *Bass v. State*, supra. The judgment is affirmed.

Opinion approved by the panel.