**Lisa Fran KASS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 65365, 65498.**

Court of Criminal Appeals of Texas, Panel No. 3.

March 25, 1981.

On Rehearing June 17, 1981 in No. 65365.

Motion for Leave to File Appellant's Motion for Rehearing Denied Oct. 27, 1982 in No. 65365.

Rehearing Denied Oct. 27 and Dec. 22, 1982 in No. 65498.

---

Stanley G. Schneider, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Ray Elvin Speece and Brad Beers, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

Before ROBERTS, ODOM and CLINTON, JJ.

## OPINION

CLINTON, Judge.

These are appeals from convictions for prostitution,[1] which were consolidated by order of this Court. Punishment assessed in each case was a fine of $500.00 and a jail term of 30 days.

In each cause appellant timely filed motions to quash the charging papers—in these cases, informations based upon complaints—which were overruled by the trial court prior to trial.[2] On appeal she contends that this action constituted reversible error in both causes.

In her motions to quash, appellant complained that the charging instruments failed to specify the type of "sexual conduct" she was alleged to have offered, agreed to, engaged in and solicited, respec-

tively; thus, she was not apprised of the illegal conduct for which she was to be prosecuted, and was thereby deprived of facts necessary to preparation of her defenses.

The penal code subchapter under which appellant was prosecuted in these cases, provides in V.T.C.A. Penal Code, Section 43.01, that:

"In this subchapter:

(1) 'Deviate sexual intercourse' means any contact between the genitals of one person and the mouth or anus of another person.

\*　　\*　　\*　　\*　　\*　　\*

(3) 'Sexual contact' means any touching of the anus, breast, or any part of the genitals of another person with intent to arouse or gratify the sexual desire of any person.

(4) *'Sexual conduct' includes deviate sexual intercourse, sexual contact, and sexual intercourse.*[3]

(5) 'Sexual intercourse' means any penetration of the female sex organ by the male sex organ."

Readily then, it can be seen that the prohibited acts alleged by the State to have been engaged in or solicited by appellant—"sexual conduct"—may, by statute, consist of either "deviate sexual intercourse," "sexual contact," or "sexual intercourse" as those terms are defined.

We are constrained to agree with appellant, that the factual elaboration sought by her motions to quash was information to which she was entitled upon her timely written requests therefor. *Ferguson v. State,* 622 S.W.2d 846 (Tex.Cr.App., on State's motion for rehearing); *Drumm v. State,* 560 S.W.2d 944 (Tex.Cr.App.1977).

The State urges that the holding of *Martinez v. State,* 500 S.W.2d 151 (Tex.Cr.App. 1973) supports its position that no error attended the denial of appellant's motions to quash. But in *Martinez,* supra, the ap-

---

1. In Cause No. 65,365, the information alleged that appellant did,

    "knowingly offer and agree to engage in, and engage in, sexual conduct with T.L. Keen for a fee."

    The information in Cause No. 65,498 alleged that appellant did,

    "in a public place knowingly solicit A.F. Rossi to engage with [her] in sexual conduct for hire."

2. In Cause No. 65,365, appellant was convicted in a jury trial on December 3, 1979; in Cause No. 65,498, appellant entered a plea of guilty on December 4, 1979.

3. All emphasis is supplied throughout by the writer of this opinion unless otherwise indicated.

pellant first raised his "notice" exception to the indictment on appeal, a point in the process at which none but those defects which operate to deprive the trial court of jurisdiction over the cause *ab initio,* will be considered for the first time. *American Plant Food Corp. v. State,* 508 S.W.2d 598 (Tex.Cr.App.1974).

It is firmly established that a properly asserted exception to a charging instrument on the ground of inadequate notice, requires the trial court's, as well as our, consideration of the allegations contained therein from the perspective of the accused. See generally *King v. State,* 594 S.W.2d 425 (Tex.Cr.App.1980); *Cruise v. State,* 587 S.W.2d 403 (Tex.Cr.App.1979); and *Drumm,* supra. Viewed in this light, should the court find that the accused is forced to "guess" as to the specific charge about which he complains, the very circumstances are presented under which his exception must be sustained.[4] *Id.*

It is for this reason that we also reject the State's contention that appellant herein would be protected against a second prosecution for the same offenses, since a person pleading former acquittal or conviction may later allege and prove facts which show the identity of the offense to be one for which he has already stood in jeopardy. While what the State says is true,[5] when a sufficient exception to the allegations is asserted pretrial, the accused is entitled *at that point* to have the *face* of the State's pleading aver facts which will "*precisely* distinguish the conduct alleged from other conduct by the accused, and thereby insure a bar to a subsequent prosecution for the same offense. Article 21.04, V.A.C.C.P." *King,* supra, 594 S.W.2d at 427.

We hold that appellant's motions to quash entitled her to the allegation of facts sufficient to bar subsequent prosecutions for the same offenses and sufficient to give her precise notice of the offenses with which she was charged. *King,* supra, *Cruise,* supra.

For the trial court's errors in this regard, the judgments of conviction are reversed,

the informations, as well as the prosecutions thereon, are dismissed.

Before the Court en banc.

## OPINION ON STATE'S MOTION FOR REHEARING

TOM G. DAVIS, Judge.

Appeal is taken from a conviction for prostitution. V.T.C.A. Penal Code, Sec. 43.-02(a)(1). Following her plea of guilty, the court assessed appellant's punishment at 30 days and $500.00.

In her sole ground of error, appellant contends the court erred in failing to grant her motion to quash the information in this cause. The information alleges in pertinent part that on October 2, 1979, appellant did:

"... knowingly offer and agree to engage, and engage in, sexual conduct with T.L. Keen for a fee."

The motion to quash complained that the information was insufficient to give appellant notice of the offense with which she was charged due to the numerous meanings of the term "sexual conduct." See V.T.C.A. Penal Code, Sec. 43.01(4). On original submission, a panel of this Court concluded that the trial court erred in overruling appellant's motion to quash.

In *Craven v. State,* 613 S.W.2d 488, this Court considered whether a defendant who pleads guilty may complain on appeal of the overruling of a motion to quash. There, it was stated:

"... in earlier times the *Helms* rule would mandate our finding that appellant has waived 'all nonjurisdictional defects' in the proceedings below, *Helms v. State,* 484 S.W.2d 925, 927 (Tex.Cr.App.1972). "However, since *Helms,* supra, the Legislature has added a proviso to the Article 44.02, V.A.C.C.P. that 'abrogated this rule regarding the effect of a guilty plea in cases of plea bargains before the court,' thereby superceding 'the prior case law as stated in *Helms,* supra.' *Ferguson v. State,* 571 S.W.2d 908, 910 (Tex.Cr.App. 1978). Therefore, we must first deter-

---

4. This criterion by which the merit of a motion to quash may be measured was stated another way in *Cruise,* supra, at 404:

"We believe it unnecessary in our inquiry to go beyond the prescription of Art. 21.03, V.A.C.C.P., that 'everything should be stated in an indictment which is necessary to be

proved.' We fail to see in what manner the State might hope to prove to the jury beyond a reasonable doubt that appellant [committed the conduct alleged] without adducing facts that described the way in which he did so."

5. See *Luna v. State,* 493 S.W.2d 854 (Tex.Cr. App.1973).

mine whether our review of the single ground of error is authorized by the Article 44.02 proviso or is circumscribed by the *Helms* rule. That determination turns, of course, on whether there was a plea bargain honored by the trial court." Id. at 489.

In *Craven,* the Court ultimately concluded that the record revealed that the guilty plea was the result of a plea bargain. It was therefore stated that under Art. 44.02, supra, the defendant could appeal from an adverse ruling on his motion to quash.

The record in the instant case reveals as follows:

"THE COURT: You are charged with prostitution, how do you plead to that guilty or not guilty?

"MS. KASS: Guilty.

"THE COURT: Are you pleading guilty because you are guilty and for no other reason?

"MS. KASS: Yes, sir.

"THE COURT: Recommendation?

"MR. BEERS: 30 days confinement in jail and a five hundred dollar fine.

"THE COURT: On your plea of guilty, the Court finds you guilty and assesses your penalty a 30 days in jail, five hundred dollar fine plus cost of Court."

In *Rodriguez v. State,* 509 S.W:2d 319 (Tex.Cr.App.), this Court stated that the question of whether a guilty plea is the result of a plea bargain, is a question of fact to be determined from evidence presented at trial. See *King v. State,* 511 S.W.2d 32 (Tex.Cr.App.). In those cases in which this Court has considered a negotiated plea, there has been evidence in the record to support the finding that plea bargaining occurred. See *Miller v. State,* 608 S.W.2d 931 (Tex.Cr.App.); *Carter v. State,* 608 S.W.2d 691 (Tex.Cr.App.); *Bass v. State,* 576 S.W.2d 400 (Tex.Cr.App.).

■ The record in the instant case reveals that the prosecutor recommended a certain punishment and that the recommendation was followed by the court. However, there is nothing in the record to suggest that the recommendation had been agreed upon by the prosecutor, appellant and her attorney as the result of a plea bargain. We thus conclude that the record fails to reflect the existence of a plea bargain.

Since the record fails to reflect that the plea in the instant case was the result of a negotiated plea bargain, appellant's plea of guilty waived her right to complain of the court's action in overruling the motion to quash. *Craven v. State, supra.* Nothing is presented for review.

The State's motion for rehearing is granted and the judgment is affirmed.

ROBERTS and TEAGUE, JJ., dissent.

CLINTON, Judge, dissenting.

In arguing that the Court grant a rehearing the affected District Attorney, one of whose assistants handled the guilty plea trial below, predicates one reason in part as follows:

". . . Appellant plead guilty, stating that she was pleading guilty because she was guilty and for no other reason. The trial court then assessed punishment *in compliance with the agreed plea recommendation between Appellant and the State."* [1]

To pretend there is no plea bargain in this case illserves the criminal justice system and those working in it.[2]

Obviously the brief colloquy excerpted from the record by the majority does not reflect the usual inquiry as to a plea bargain that Article 26.13, V.A.C.C.P. requires for the simple reason that over at least one hundred years this Court has told the bench and the bar time and time again that the statutory admonishment "need not precede the acceptance of a plea of guilty to a

---

1. All emphasis is mine unless otherwise indicated.

2. In bond forfeiture cases this Court may and does "accept as true any statement made by appellant in his brief as to the facts *or the record,"* that is not challenged by the opposing party. *Smith v. State,* 561 S.W.2d 501 (Tex.Cr. App.1978); *Smith v. State,* 561 S.W.2d 501 (Tex.Cr.App.1978); *Smith v. State,* 561 S.W.2d 502 (Tex.Cr.App.1978). Here the statement is made in a Motion for Rehearing by the State, and is not challenged—except by the Court, itself. With the incipient Courts of Appeals about to undertake initial review of most criminal cases, the burden soon to be imposed on them will be eased somewhat by applying the salutary rule we have recognized in bond forfeiture cases at least to motions for rehearing where the matter stated is not questioned by any party in the cause.

misdemeanor," *Empy v. State,* 571 S.W.2d 526, 529–530 (Tex.Cr.App.1978).[3] Now, however, its functional equivalent is practically required by the Court.

Because the Court disposes of this cause by ruling on a non-issue rather than resolving the serious problems confronting the bench and the bar when an exception to the form of the charging instrument is presented by a motion to quash, I dissent.

## MOTION FOR LEAVE TO FILE REHEARING IN NO. 65365

Motion for leave to file appellant's motion for rehearing denied.

## OPINION DISSENTING TO DENIAL OF APPELLANT'S MOTION FOR LEAVE TO FILE MOTION FOR REHEARING

CLINTON, Judge.

What is ultimately at issue in this cause is impact of the provisions of Article 44.02, V.A.C.C.P., the right of an accused to appeal a conviction based on a plea of guilty. Companions, this cause, numbered 567,446 in the trial court, and our cause number 65,498, numbered 567,445 below, were submitted together originally and thereafter assigned to the same judge for initial consideration.[1] So, a single opinion bearing both cause numbers was delivered by the Court Panel, there being no suggestion

from the State of any procedural informity with respect the case at bar—indeed, in its motion for rehearing the State noted, "The trial court then assessed punishment in compliance with the agreed plea recommendation between Appellant and the State." And surely that is a true statement.

Nevertheless, the opinion of the Court on State's motion for rehearing sua sponte finds "nothing in the record to suggest that the recommendation had been agreed upon by the prosecutor, appellant and her attorney as the result of a plea bargain." This, according to the Court, means that appellant's plea of guilty "waived her right to complain." However, not a single decision of the Court cited for the proposition that the question of whether a plea is the result of a plea bargain is "a question of fact to be determined from *evidence presented at trial*"[2] implicates Article 44.02, supra. That is to say, none even mentions it, for each addressed other problems.[3] And in *Craven v. State,* 613 S.W.2d 438 (Tex.Cr.App.1981), from which the opinion of the Court on State's motion for rehearing in the instant case quotes copiously, we did not look to "evidence presented at trial" but to the assertions of the parties and certain notations made on papers on file.

In *Craven,* supra, *inter alia,* this Court noted:

"For its part the State informs us, 'Retaining his right to seek appellate review of the court's action in denying his motion to quash the information, see Article 44.02, C.C.P., Appellant pled guilty before the Court'."

---

3. Of course the inquiry as to a plea bargain is an Article 26.13 requirement of much more recent vintage, but it became immediately inapplicable in a misdemeanor case because of the longstanding teachings of the Court.

1. Similarly, No. 567,446 was originally filed in the Harris County Criminal Court at Law No. 4, but was soon transferred to No. 3 because No. 567,445 was pending in the latter; from that point the two cases progressed in tandem until December 3, 1979. On that date, previously filed identical motions to quash were overruled by the trial court and in the earlier filed case appellant was tried and found guilty by a jury, which assessed punishment at thirty days confinement and a fine of $500, and the second case, the instant one, was reset for the following day. The guilty plea trial was held and upon the stated recommendation of the prosecutor the trial court assessed punishment in

terms identical to that found by the jury the day before.

2. All emphasis is mine unless otherwise indicated.

3. *Rodriguez v. State,* 509 S.W.2d 319 (Tex.Cr.App.1974); *King v. State,* 511 S.W.2d 32 (Tex.Cr.App.1974); *Bass v. State,* 576 S.W.2d 400 (Tex.Cr.App.1979); *Carter v. State,* 608 S.W.2d 691 (Tex.Cr.App.1980) and *Miller v. State,* 608 S.W.2d 931 (Tex.Cr.App.1980), present variations on the *Santobello* theme—*Santobello v. New York,* 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971). In each there was claim that a plea bargain of some sort had not been kept by the prosecution, and it is only in that context that appear statements to the effect that the trial court must first decide whether there was a bargain. Here, though, there is no question: the State informs us there was and that it was followed by the trial court.

Accordingly, we "begrudgingly conclude that the trial court did honor a plea bargain...," *id.,* at 489.

The same conclusion should be derived from similar circumstances presented here. I would grant appellant leave to file her motion for rehearing to consider the contentions of the parties.

## OPINION ON STATE'S MOTION FOR REHEARING IN NO. 65498

TOM G. DAVIS, Judge.

Appeal is taken from a conviction for prostitution. V.T.C.A. Penal Code, Sec. 43.-02(a)(2). After finding appellant guilty, the jury assessed punishment at 30 days and a fine of $500.00.

While we reverse for failure of the trial court to sustain the motion to quash, appellant's contention that the evidence is insufficient to support the conviction necessitates our review of this question. *Burks v. United States,* 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1.

In her second ground of error, appellant challenges the sufficiency of the evidence to support her conviction. She maintains the State failed to prove "the 'sexual contact' with the complaining witness was with the intent to arouse or gratify the sexual desires of another."

A.F. Rossi testified that he was with the vice division of the Harris County Sheriff's Office. On October 2, 1979, Rossi met appellant at Models Galore in Houston. Appellant informed Rossi that the basic fee was $35.00 for a thirty minute "rap session." Appellant also told Rossi that she worked off tips in the back room. With regard to his discussion of the tips with appellant, Rossi testified as follows:

"A. Yes sir. She said that for twenty-five dollars I could do to myself what she was going to do to me.

"Q. Did you ask her what that meant?

"A. Yes, I did.

"Q. What did she reply if anything?

"A. I told her that for the twenty-five dollars she was going to masturbate me. She said yes, but I didn't say that, you did. That is about the size of it.

" . . .

"Q. She quote you any other prices?

"A. Yes sir. She said that the other price was fifty dollars and I asked her what was that for screwing and she said yes, how much can you spend. I told her that I wasn't going to spend that much.

"Q. By the word screwing, did you mean sexual intercourse?

"A. Yes sir.

"Q. She agreed with you?

"A. Yes sir."

Appellant was convicted for prostitution under the terms of Sec. 43.02(a)(2), supra, which provides:

"(a) A person commits an offense if he knowingly:

" . . .

"(2) solicits another in a public place to engage with him in sexual conduct for hire."

With regard to the definitions of various terms within the prostitution subchapter, Sec. 43.01(1)(3)(4)(5), supra provides:

"In this subchapter:

"(1) 'Deviate sexual intercourse' means any contact between the genitals of one person and the mouth or anus of another person.

" . . .

"(3) 'Sexual contact' means any touching of the anus, breast, or any part of the genitals of another person with intent to arouse or gratify the sexual desire of any person.

"(4) 'Sexual conduct' includes deviate sexual intercourse, sexual contact, and sexual intercourse.

"(5) 'Sexual intercourse' means any penetration of the female sex organ by the male sex organ."

The information herein alleged solicitation to engage in sexual conduct for hire. Rossi's testimony established that he and appellant discussed two forms of sexual

conduct, namely sexual contact and sexual intercourse. The definition of the term sexual intercourse does not by statute include the intent to arouse or gratify the sexual desire of any person. In its charge to the jury, the court used the term sexual conduct.

When this Court reviews the sufficiency of the evidence, it will consider the evidence in the light most favorable to the jury's verdict. The State thus proved solicitation to engage in a form of sexual conduct, sexual intercourse, which does not statutorily include the intent to arouse or gratify the sexual desire of any person. We find the evidence sufficient to support appellant's conviction.

In her first ground of error, appellant contends the court erred in failing to grant her motion to quash the information in this cause. The information alleges in pertinent part that on October 2, 1979, appellant did:

"... in a public place knowingly solicit A.F. Rossi to engage with the Defendant in sexual conduct for hire."

The motion to quash complained that the information was insufficient to give appellant notice of the offense with which she was charged due to the numerous statutory meanings of the term "sexual conduct." See V.T.C.A. Penal Code, Sec. 43.01(4). On original submission, a panel of this Court concluded that the trial court erred in overruling appellant's motion to quash.

It is necessary to reexamine the panel's conclusion in light of our opinions in *Thomas v. State,* 621 S.W.2d 158 (Tex.Cr.App.) and *Ferguson v. State,* 622 S.W.2d 846 (Tex. Cr.App.). In *Thomas,* the defendant filed a motion to quash his theft indictment. The motion complained that the terms "owner" and "without effective consent" were vague and indefinite due to the numerous statutory meanings of the terms. This Court found no error in the court overruling the motion to quash because the information sought was essentially evidentiary. It was further held that the terms "owner" and "effective consent" are not vague and indefinite because they are statutorily defined. Finally, the Court noted that the term "owner" did not go to an act or omission of the defendant.

In *Ferguson,* the defendant maintained the court erred in denying his motion to quash an indictment alleging the delivery of heroin. The defendant argued that he was entitled to notice of which type of delivery the State would rely upon to prove the allegations of the indictment. This Court found that the court erred in denying the motion to quash and stated:

"In the present case, while 'delivery' is statutorily defined, the statute does not present a single definition. Rather, the definition allows three different and distinct ways of establishing the accused's criminal conduct. This is not like the situation of requesting the type of 'owner' to be alleged, for in that situation, as was stated above, the specific allegation would not affect the defendant's defense preparations. Here, however, 'delivery' is the very heart of the offense. Which type of 'delivery' the State will attempt to prove would be critical to the appellant's defense. The 'delivery' is the act by the appellant which constitutes the criminal conduct.

"... it is clear that even though an act or omission by a defendant is statutorily defined, if that definition provides for more than one manner or means to commit that act or omission, then upon timely request, the State must allege the particular manner or means it seeks to establish."

■ The term "sexual conduct" is statutorily defined by Sec. 43.01(4), supra. The definition provides three different methods of such conduct. One of those methods, sexual contact, can in turn be committed in three different manners. Likewise, deviate sexual intercourse, can be committed in two different manners.

The type of "sexual conduct" the State sought to prove in the instant case was critical to appellant's ability to present a defense. The solicitation to engage in some form of such "sexual conduct" was the essence of the offense with which appellant was charged. The statutory definition of

"sexual conduct" provides a number of different manners by which appellant could have committed the offense of prostitution. Appellant's motion to quash entitled her to the allegation of facts sufficient to bar a subsequent prosecution for the same offense and sufficient to give her precise notice of the offense with which she was charged. We conclude the court erred in overruling appellant's motion to quash. Under such circumstances the information will be dismissed. See *Brasfield v. State,* 600 S.W.2d 288 (Tex.Cr.App.).

The State's motion for rehearing is denied.

TEAGUE, J., concurs in result.

DALLY, J., dissents.

McCORMICK, Judge, dissenting.

In *Thomas v. State,* 621 S.W.2d 158 (Tex. Cr.App.1981), we held that terms which are specifically defined in the statutes and which do not go to an act or omission of the defendant need not be more specifically pled in an indictment, and an indictment is not subject to a motion to quash in such a case. Since the majority does not follow the rule announced in *Thomas,* I must dissent.

The information in the instant case alleged that appellant did unlawfully:

> " . . . in a public place knowingly solicit A.F. Rossi to engage with the Defendant in sexual conduct for hire."

The majority overlooks the fact that appellant was not charged with a consummated act of prostitution. The *act* alleged here and which is the gravamen of the offense is the solicitation. The term "solicit" was not challenged by appellant in her motion to quash. Additionally, the solicitation was to commit some act in the future. Since the sexual conduct was allegedly to be performed in the future, it is not part of the *conduct* element in this case and need not be further alleged. See and compare *Cardenas v. State,* 640 S.W.2d 291 (1982). Our holding in *Thomas* dictates that the State's motion for rehearing be granted.

If the majority is correct that the motion to quash should have been granted, then I am also constrained to point out that this Court should hold as a matter of law that the "Motion to Quash" was not sufficient to point out to the trial court the actual complaint of the accused. A "motion to quash" is not a formalized pleading in our jurisprudence. That term has been used as a substitute for motions to set aside the indictment or information, for exceptions to the substance of an indictment or information, and for exceptions to the form of an indictment or information. See Articles 28.04 and 28.05, V.A.C.C.P., and *Craven v. State,* 613 S.W.2d 488 (Tex.Cr.App.1981).

Appellant's "motion to quash" filed herein requested the trial court to quash the *complaint* and dismiss the charges pending against her. Such relief would be authorized only pursuant to a motion to set aside the information on the basis that it was not based upon a valid complaint (Article 27.-03(1), V.A.C.C.P.) or pursuant to an exception to the substance of the information (Article 27.08, V.A.C.C.P.), since these are the only "motions to quash" which, if granted, authorize the discharge of the accused. See Article 28.04, supra.

The complaint in this cause is sufficient, and a motion to set aside the information on the basis of an invalid complaint does not apply. Nor can it be realistically argued that the information was subject to an exception to the substance pursuant to any of the four enumerated subsections of Article 27.08. If it could be argued that appellant's motion was an exception to the form of the information, then I would follow the teachings expressed in *Craven v. State,* supra, and hold that the record before us would not show any prejudice to the rights of appellant. See Article 21.19, V.A.C.C.P.

For these reasons, I must vigorously dissent.

W.C. DAVIS, J., joins in this dissent.