IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-633-04






EARL OWEN BITTERMAN, Appellant



v.



THE STATE OF TEXAS





ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW


FROM THE TENTH COURT OF APPEALS


MCLENNAN COUNTY





 Meyers, J., delivered the opinion of the Court, in which Price, Johnson,
Keasler, Hervey, Holcomb, and Cochran, JJ., joined. Womack, J., concurred. 
Keller, P.J., filed a dissenting opinion.


 


 Appellant Earl Owen Bitterman pled guilty to the offense of aggravated sexual

assault pursuant to a plea agreement with the State and was sentenced by the court to five
years in the Texas Department of Criminal Justice, Institutional Division. Appellant then
filed a motion for a new trial, in which he alleged that the State breached the terms of the
plea agreement. The trial court denied this motion, and Appellant subsequently filed a
timely notice of appeal. The Court of Appeals held that Appellant's claims were without
merit because he had not preserved them for review. (1) We will reverse.

I. Facts

 Appellant pled guilty to the aggravated sexual assault of his twelve-year-old niece. 
As part of the plea agreement, the State agreed to the following sentencing
recommendation:

 5 YEARS IN THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION, AND A FINE OF $0.00; THE STATE
NEITHER OPPOSES NOR RECOMMENDS THAT THE COURT GRANT
DEFERRED ADJUDICATION PROBATION IN THIS MATTER.


The record reflects that the State agreed to allow Appellant to "make a pitch" for probation,
but that it would remain silent as to probation at Appellant's sentencing. At the sentencing
hearing, Appellant had several witnesses testify in support of his request for deferred
adjudication, and the State cross-examined these witnesses. During cross-examination, the
State questioned whether Appellant deserved deferred adjudication, and additionally, called
the complainant's counselor as a rebuttal witness who testified that granting Appellant
deferred adjudication would send the wrong message to the complainant. The State also
argued to the court that Appellant was "not the kind of person that would be deserving of a
second chance and an opportunity for probation" and that "it would be very dangerous for
the victim to give him probation and send a message to her that in fact it was her fault." The
State then recommended that the trial court sentence Appellant to five years in the
institutional division of TDCJ. The trial court followed the State's recommendation,
sentencing Appellant to five years in the TDCJ-Institutional Division.

II. Court of Appeals Decision and Grounds for Review

 The court of appeals held that, regardless of whether the State had breached the
plea agreement, Appellant did not preserve this issue for review because he did not object
to the State's breach during the sentencing hearing. The court stated that although
Appellant argued that the State breached the agreement by the introduction of improper
testimony and by improper argument, Appellant did not preserve these issues for the
court's review because he did not object at the time of the testimony or argument. The
court of appeals then affirmed the judgment of the trial court which denied Appellant's
motion for a new trial.

 The grounds for review present before this Court are as follows: 1) whether the
court of appeals erred in holding Appellant's motion for a new trial did not preserve error
on his motion for a new trial based on the State's violation of its plea agreement, where
such a breach is not something that can be cured by the court, and where a motion for new
trial was the first opportunity Appellant had to raise that claim; and 2) whether the court
of appeals erred in failing to address whether the breach of a plea agreement is a
"category one" right that cannot be waived.

 Appellant argues that he timely raised the issue of whether the plea agreement was
breached in his motion for a new trial. He further argues that the court of appeals based
its holding on a misapplication of several cases which involved the introduction of
improper evidence and improper arguments. Additionally, Appellant argues that the right
to have the terms of a plea agreement with the State fulfilled by the State is a right that
must be implemented unless expressly waived, and thus the failure of Appellant to object
at the sentencing hearing does not preclude the court of appeals from addressing this
issue.

 The State argues that because Appellant failed to object at the sentencing hearing
at the time the improper evidence and argument were offered, he failed to preserve the
issue for review by the court of appeals. The State further asserts that complaining about
this issue for the first time in a motion for a new trial was untimely because he failed to
object at trial when the trial judge would have had the opportunity to remedy the error.

III. Plea Bargains

 It is well established that it is a defendant's right to have the State honor a plea
bargain entered into by the defendant in exchange for a guilty plea, after the judge has
accepted the plea bargain in open court. Plea bargains play an extremely important role in
the criminal judicial process, and numerous cases in federal and Texas state law
emphasize the importance of implementing safeguards to protect the due process rights of
defendants who enter into such plea bargains. When a defendant enters into a plea
bargain, he waives a number of fundamental constitutional rights, including a trial by
jury, the right to confront one's accusers, the right to present witnesses in one's defense,
the right to remain silent, and the right to be convicted only by proof beyond a reasonable
doubt. (2) There are strict federal and state guidelines and requirements regarding the
defendant's ability to enter into such an agreement in order to protect the constitutional
rights of the defendant, and among these is the requirement that if a defendant's plea is
made based on a promise given by the State, the State must keep up its part of the
agreement or the plea will be rendered involuntary. When the prosecution breaches its
promise with respect to an executed plea agreement, the defendant pleads guilty on a false
premise, and hence his conviction cannot stand. In Santobello v. New York, (3) the United
States Supreme Court emphasized this point stating that "when a plea rests in any
significant degree on a promise or agreement of the prosecutor, so that it can be said to be
part of the inducement or consideration, such promise must be fulfilled." (4) Additionally,
this Court has previously held that a plea agreement is binding upon all parties once the
trial judge has accepted it, (5) and that if the prosecution does not perform its responsibilities
under the agreement, the plea bargain is considered involuntary. (6)

IV. Analysis

 The court of appeals held that, in this case, Appellant did not preserve the issue of
whether the State breached the plea agreement because he did not object at the moment
that the State allegedly breached the plea agreement by introducing improper evidence
and argument. In reaching this conclusion, the court relied on Aguilar v. State and Gone
v. State, (7) which hold that a defendant must object at trial to the offering of improper
evidence at the moment when the evidence is offered to preserve a claim for appellate
review. The court also relied on Zimmerman v. State and Haliburton v. State, (8) which hold
that a defendant must object to improper arguments at the time of the objectionable
argument to preserve error. These cases are not relevant to the issues in this case. All
four of these cases are concerned with a defendant involved in a jury trial, not with a
defendant who has waived all of his fundamental constitutional rights to a jury trial and
entered into a plea agreement with the State in exchange for a promise. And in none of
these four cases does the testimony in dispute breach a plea agreement entered into by the
defendant and the State. 

 The State also relies on these cases in its brief, citing them for the proposition that
Appellant should have objected at a time when the trial court had an opportunity to
correct the error. In addition, the State points to Mendez v. State (9) to support its argument
that a defendant must make a timely objection or he fails to preserve error. However,
reliance on this case is misplaced for two reasons. First, the facts in Mendez involved a
defendant, after a trial by jury and sentencing, who claimed that the trial court should
have sua sponte withdrawn the guilty plea he entered due to new testimony which raised
an issue as to his guilt. This is distinguishable from the case at hand, which involves not
the withdrawal of a plea made by the defendant at trial, but the withdrawal of a plea
agreement after this agreement was breached by the State. 

 Secondly, even if this Court were to find Mendez persuasive in this case, the
defendant in Mendez did not raise the issue until his appeal to the court of appeals. In this
case, it is clear from the record that Appellant raised the issue for the first time at the trial
level, at the hearing on the motion for a new trial. This was the first time that the issue
could have been cured, and thus the first time that it made sense to raise the issue. (10) Even
if the Appellant had objected at the time of the breach of the plea agreement, the error
could not have been cured by the trial judge at that time because the prosecutor's
recommendation was already before the judge to consider. Objecting at that point would
be similar to asking the judge to forget everything the prosecutor had just told him and
make the sentencing decision based only on the testimony of the defense. There was no
attempt at an "end-run" around the trial judge straight to the court of appeals. Raising the
objection for the first time at a motion for a new trial gave the trial judge notice of the
breach, and gave him an opportunity to correct the error by granting Appellant's motion
for a new trial. Neither the court of appeals nor the State cite any caselaw requiring a
defendant who has pled guilty as part of an agreement with the State to object at the
moment of the breach rather than at a motion for a new trial. Rather, this Court has
simply held, as have a number of courts of appeals, that in this same fact scenario, the
defendant is entitled either to specific performance or to withdraw his plea if the State has
breached a plea agreement. The Appellant in this case chose to request a new trial in
order to compel specific performance of the agreement into which he and the State
entered.

 In Bass v. State, (11) the defendant agreed to plead guilty in return for the State's
promise to remain silent on recommending a sentence. The Court in Bass looked to the
record of the defendant's motion for a new trial to determine what arguments defendant
made in regard to the breach of the plea agreement, and what the trial judge reasoned in
his decision to deny defendant's motion. The Court concluded:

 This is a dispute over whether the State breached its plea bargain with
appellant, and must be examined in light of Santobello v. New York, 404 U.S.
257, 262, 92 S. Ct. 495, 499, 30 L. Ed. 2d 401, 427 (1971), where the United
States Supreme Court stated that "when a plea rests in any significant degree
on a promise or agreement of the prosecutor, so that it can be said to be part
of the inducement or consideration, such promise must be fulfilled." If the
prosecution does not live up to its part of the bargain, doubt is raised as to
whether or not the guilty plea induced by the broken bargain can be regarded
as truly voluntary.



 In Miller v. State, (12) this Court again reached the same conclusion. In Miller, the
defendant entered a plea of nolo contendere in exchange for an agreement that the State
would make no recommendation or argument as to punishment. The State violated the terms
of this agreement by making improper arguments to the trial judge right before the judge
sentenced the defendant. This Court held, after quoting extensively from Santobello and
Bass that "the record in this case reveals a violation of those principles set out in Bass v.
State. Appellant is entitled to withdraw his plea." (13)

 While Appellant could have withdrawn his plea at the sentencing hearing, he chose
instead to request a new trial in order to compel specific performance of the plea agreement
which the State had violated. Due to the flagrant violation of his plea agreement by the State,
which rendered his plea involuntary, the court of appeals should have reviewed this issue for
abuse of discretion by the trial judge in denying Appellant's motion for a new trial. 

V. Conclusion

 The court of appeals erred in concluding that because Appellant did not object at
the sentencing hearing, it could not consider Appellant's claim. Based upon the
underlying constitutional due process principles involved when a defendant agrees to
plead guilty in return for a promise by the State, as well as upon a long history of Texas
cases supporting a defendant's right to withdraw a plea once the State has violated the
plea bargain, we hold that Appellant properly preserved the issue of the plea bargain
breach by bringing it to the trial court's attention as soon as the error could be cured, in a
motion for a new trial. Because Appellant preserved his claim for appeal, there is no need
to address the second ground for review. Therefore we vacate the judgment of the court
of appeals and remand the cause to the court for further proceedings consistent with this
opinion.

 Meyers, J.

Delivered: December 7, 2005

Publish


1. Bitterman v. State, 131 S.W.3d 519 (Tex. App.-Waco 2004). 
2. Santobello v. New York, 404 U.S. 257, 264 (1971)(Douglas, J. concurring); Boykin v.
Alabama, 395 U.S. 238, 243 (1969)(stating "several federal constitutional rights are involved in a
waiver that takes place when a plea of guilty is entered in a state criminal trial. First is privilege
against compelling self-incrimination guaranteed by the Fifth Amendment and applicable to the
states via the Fourteenth Amendment. Second is the right to a trial by jury. Third is the right to
confront one's accusers.").
3. Santobello, 404 U.S. at 262.
4. The United States Fifth Circuit Court of Appeals has also applied this standard. See
United States v. Kerdachi, 756 F.2d 349 (1985).
5. Ortiz v. State, 933 S.W.2d 102 (1996).
6. Bryant v. State, 974 S.W.2d 395 (1998).
7. Aguilar v. State, 26 S.W.3d 901 (Tex. Crim. App. 2000); Gone v. State, 54 S.W.3d 27
(Tex. App. - Texarkana 2001, pet. ref'd).
8. Zimmerman v. State, 860 S.W.2d 89 (Tex. Crim. App. 1993); Haliburton v. State, 80
S.W.3d 309 (Tex. App. - Fort Worth 2002, no pet.).
9. Mendez v. State, 138 S.W.3d 334 (Tex. Crim. App. 2004).
10. Besch v. State, 87 S.W.3d 588, 590 n.3 (Tex. App.--San Antonio 2002, pet. dism'd,
untimely filed).
11. Bass v. State, 576 S.W.2d 400 (Tex. Crim. App. 1979).
12. Miller v. State, 608 S.W.2d 931 (Tex. Crim. App. 1980).
13. Miller at 932.