

# IN THE
# TENTH COURT OF APPEALS

## No. 10-14-00120-CR

THE STATE OF TEXAS,

              **Appellant**

 v.

DENISE DEANE NELSON,

              **Appellee**

### From the County Court at Law No. 2
### Brazos County, Texas
### Trial Court No. 13-02784-CRM-CCL2

## O P I N I O N

In one issue, appellant, the State of Texas, complains that the trial court improperly granted appellee Denise Deane Nelson's motion to quash an information alleging two counts of soliciting prostitution. Because we conclude that the State's pleadings are insufficient in light of the Court of Criminal Appeals's decision in *Kass v. State*, 642 S.W.2d 463 (Tex. Crim. App. 1982) (op. on reh'g), we cannot say that the trial court erred in granting Nelson's motion to quash. Accordingly, we affirm.

# I. STANDARD OF REVIEW

We conduct a de novo review of a trial court's ruling on a motion to quash a charging instrument. *State v. Rosseau*, 396 S.W.3d 550, 555 n.6 (Tex. Crim. App. 2013) (citing *Smith v. State*, 309 S.W.3d 10, 13-14 (Tex. Crim. App. 2010)); *State v. Moff*, 154 S.W.3d 599, 601 (Tex. Crim. App. 2004). This is because the sufficiency of the charging instrument is a question of law. *Rosseau*, 396 S.W.3d at 555 n.6 (citing *Smith*, 309 S.W.3d at 13-14); *Moff*, 154 S.W.3d at 601. When the resolution of a question of law does not depend on the credibility and demeanor of a witness, then the trial court is in no better position than the appellate court to make the determination, and therefore, a de novo review is the appropriate standard. *Moff*, 154 S.W.3d at 601. Here, the trial court's decision was based on the information, the motion to quash, and argument of counsel. Thus, the trial court was in no better position than we are now with regard to determining whether the information provided Nelson with sufficient notice. We must, therefore, apply the de novo standard of review. *See id.*

The right of a defendant to notice of the State's accusations is set forth in the federal and state constitutions. *See* U.S. CONST. amend. V; TEX. CONST. art. I, § 10. "Thus the charging instrument must be specific enough to inform the accused of the nature of the accusation against [her] so that [she] may prepare a defense." *Moff*, 154 S.W.3d at 601. Article 21.11 of the Code of Criminal Procedure provides the following guidelines with regard to the sufficiency of an information or indictment:

An indictment shall be deemed sufficient which charged the commission of the offense in ordinary and concise language in such a manner as to enable a person of common understanding to know what is meant, and with that degree of certainty that will give the defendant notice of the particular offense with which [she] is charged, and enable the court, on conviction, to pronounce the proper judgment . . . .

TEX. CODE CRIM. PROC. ANN. art. 21.11 (West 2009); *see id.* art. 21.03 (West 2009) ("Everything should be stated in an indictment which is necessary to be proved."), 21.04 (West 2009) ("The certainty required in an indictment is such as will enable the accused to plead the judgment that may be given upon it in bar of any prosecution for the same offense.").

## II.    ANALYSIS

Here, the amended, two-count information alleged that Nelson knowingly solicited two members of the public who have "access to the world wide web, namely, a free access internet forum, specifically, www.backpage.com, to engage in sexual conduct, to wit: sexual contact; for hire . . . ." Relying on the Court of Criminal Appeals's decision in *Kass*, Nelson filed a motion to quash, arguing, among other things, that:

In particular, complaint is made of the use of the words "sexual contact." Sexual contact as defined by Sec. 43.01 Tex. Penal Code (3); "Sexual contact means any touching of the anus, breast, or any part of the genitals of another person with intent to arouse or gratify the sexual desire of any person.
. . . .

Absent the State being required to specify the "type of Sexual conduct" the Defendant will have no notice of what she was alleged to have offered, agreed to engaged in and solicited respectively; thus she was (not)

apprised of the illegal conduct for which she is to be prosecuted, and is (thereby) deprived of facts necessary to prepare for her defenses.

In a letter ruling, the trial court discussed the applicability of *Kass* and ultimately granted Nelson's motion to quash. It is from this ruling that the State now appeals. *See* TEX. CODE CRIM. PROC. ANN. art. 44.01(a)(1) (West Supp. 2015) (providing that the State may appeal from the dismissal of "an indictment, information, or complaint or any portion of an indictment, information, or complaint").

As noted above, the trial court and the parties focused on the *Kass* opinion from the Court of Criminal Appeals. In *Kass*, the defendant challenged her prostitution conviction and made a substantially similar argument as in the instant case with regard to the sufficiency of the information. *See* 642 S.W.2d at 469. Specifically, Kass contended that the information was insufficient to give her notice of the offense with which she was charged because there are numerous statutory definitions for the term "sexual conduct." *Id.* After analyzing prior case law, the *Kass* majority opinion stated:

> The term "sexual conduct" is statutorily defined by Sec. 43.01(4), supra. The definition provides three different methods of such conduct. One of those methods, sexual contact, can in turn be committed in three different manners. Likewise, deviate sexual intercourse, can be committed in two different manners.
>
> The type of "sexual conduct" the State sought to prove in the instant case was critical to appellant's ability to present a defense. The solicitation to engage in some form of such "sexual conduct" was the essence of the offense with which appellant was charged. The statutory definition of "sexual conduct" provides a number of different manners by which appellant could have committed the offense of prostitution. Appellant's motion to quash entitled her to the allegation of facts sufficient to bar a

subsequent prosecution for the same offense and sufficient to give her precise notice of the offense with which she was charged. We conclude the court erred in overruling appellant's motion to quash. Under such circumstances the information will be dismissed.

*Id.* at 469-70 (internal citations omitted).

At the time of the alleged offense, the operative criminal statute—section 43.02 of the Penal Code—provided:

> (a) A person commits an offense if he knowingly:
>
>> (1) offers to engage, agrees to engage, or engages in sexual conduct for a fee; or
>>
>> (2) solicits another in a public place to engage with him in sexual conduct for hire.
>
> (b) An offense is established under Subsection (a)(1) whether the actor is to receive or pay a fee. An offense is established under Subsection (a)(2) whether the actor solicits a person to hire him or offers to hire the person solicited.

Act of May 29, 1993, 73rd Leg., R.S., ch. 900, § 1.01, 1993 Tex. Gen. Laws 3681 (current version at TEX. PENAL CODE ANN. § 43.02(a)(2), (b) (West Supp. 2015)). Former section 43.01 defined "[s]exual conduct" as "deviate sexual intercourse, sexual contact, and sexual intercourse." Act of May 29, 1993, 73rd Leg., R.S., ch. 900, § 1.01, 1993 Tex. Gen. Laws 3681 (current version at TEX. PENAL CODE ANN. § 43.01(4) (West 2011)). Furthermore, former section 43.01 stated that "'[s]exual contact' means any touching of the anus, breast, or any part of the genitals of another person with intent to arouse or gratify the sexual desire of any person." Act of May 29, 1993, 73rd Leg., R.S., ch. 900, §

1.01, 1993 Tex. Gen. Laws 3681 (current version at TEX. PENAL CODE ANN. § 43.01(3)). As was the case in *Kass*, the operative criminal statutes provided three different methods for engaging in sexual conduct. And one of those methods, sexual contact, could be committed in three different manners.

Because *Kass* has not been explicitly overruled, and because we are bound to follow the precedent of the Court of Criminal Appeals, we therefore conclude that the information is insufficient to bar a subsequent prosecution for the same offense and did not give Nelson precise notice of the offense with which she was charged. *See* 642 S.W.2d at 469-70; *see also Rosseau*, 396 S.W.3d at 555 n.6; *Smith*, 309 S.W.3d at 13-14; *Moff*, 154 S.W.3d at 601; TEX. CONST. art. V, § 5(a) (stating that the Court of Criminal Appeals is the final authority for criminal law in Texas); *Purchase v. State*, 84 S.W.3d 696, 701 (Tex. App.—Houston [1st Dist.] 2002, pet. ref'd) (noting that an intermediate court of appeals is bound to follow the precedent of the Court of Criminal Appeals). Nevertheless, we recognize that the *Kass* opinion appears to be at odds with the more recent pronouncement of the fair-notice requirements for charging instruments in *Barbernell v. State*.[1] *See* 257 S.W.3d 248, 251-52, 255 (Tex. Crim. App. 2008). But because we are bound

---

[1] For example, in *Barbernell*, the Court of Criminal Appeals stated:

We have recognized that in most cases a charging instrument that tracks the statutory text of an offense is sufficient to provide a defendant with adequate notice. When a statutory term or element is defined by statute, the charging instrument does not need to allege the definition of the term or element. Typically the definitions of terms and elements are regarded as evidentiary matters. But in some cases, a charging instrument that tracks the statutory language may be insufficient to provide a defendant with adequate notice. This

to follow the precedent of the Court of Criminal Appeals, we are not inclined to overrule

*Kass*.  *See Wiley v. State*, 112 S.W.3d 173, 175 (Tex. Crim. App. 2003) ("But it is not within

the scope of the Court of Appeals' powers to override a decision of the Court of Criminal

Appeals because it conflicts with other decisions of that Court.  It is axiomatic that a Court

of Appeals has no power to 'overrule or circumvent [the] decisions, or disobey [the]

mandates,' of the Court of Criminal Appeals." (quoting *State ex rel. Vance v. Clawson*, 465

S.W.2d 164, 168 (Tex. Crim. App. 1971), *cert. denied*, 404 U.S. 910, 92 S. Ct. 226, 30 L. Ed.

2d 182 (1971))).  Based on the foregoing, we overrule the State's sole issue on appeal.

---

is so when the statutory language fails to be completely descriptive.  The statutory language is not completely descriptive when the statutes define a term in such a way as to create several means of committing an offense, and the definition specifically concerns an act or omission on the part of the defendant.  In such cases, more particularity is required to provide notice.  Thus, if the prohibited conduct is statutorily defined to include more than one manner or means of commission, the State must, upon timely request, allege the particular manner or means it seeks to establish.

. . . .

In analyzing whether a charging instrument provides adequate notice, our notice jurisprudence makes clear that courts must engage in a two-step analysis.  First, a court must identify the elements of an offense.  As recognized in *Gray*, the elements, defined by the Legislature, include:  the forbidden conduct, the required culpability, if any, any required result, and the negation of any exception to the offense.  Next, as a second inquiry, when the Legislature has defined an element of the offense that describes an act or omission, a court must ask whether the definitions provide alternative manners or means in which the act or omission can be committed.  If this second inquiry is answered in the alternative, a charging instrument will supply adequate notice only if, in addition to setting out the elements of an offense, it also alleges the specific manner and means of commission that the State intends to rely on at trial.

*State v. Barbernell*, 257 S.W.3d 248, 251 (Tex. Crim. App. 2008) (internal citations & quotations omitted).

### III.     CONCLUSION

We affirm the judgment of the trial court.

AL SCOGGINS
Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
(Justice Davis dissenting)
Affirmed
Opinion delivered and filed April 21, 2016
Publish
[CR25]

