The EXPRESS–NEWS CORPORATION
and Kym Fox, Relators,

v.

Honorable Sharon MacRAE,
Respondent.

No. 04–90–00075–CV.

Court of Appeals of Texas,
San Antonio.

Feb. 28, 1990.

Mark J. Cannon, Laura Cavaretta, Lang, Ladon, Green, Coghlan & Fisher, San Antonio, for relators.

H. Jack Pytel, Pytel, Blagg, Thompson & Haynes, San Antonio, Reynaldo S. Cantu, Sp. Prosecutor, Brownsville, Fred G. Rodriguez, Crim. Dist. Atty., San Antonio, for respondent.

Before CADENA, C.J., and CHAPA and PEEPLES, JJ.

OPINION

PER CURIAM.

This controversy arose from a criminal case styled *State of Texas v. Joe Navarro*, Cause No. 89–CR–4179 in the 290th Judicial District Court of Bexar County. Respondent is the presiding judge of that court. Prior to trial the defendant's attorney made a request for a continuance and told the court he was having trouble communicating with his client. In response the State through its special prosecutor re-

quested that the defendant be examined to determine whether he was competent to stand trial. Respondent ordered the defendant to be examined by Dr. John Sparks, the county psychiatrist. The examination was conducted and Dr. Sparks filed his written report with the court. After the submission of the report no competency hearing was requested or held.

On January 4, 1990, relator Kym Fox, a newspaper reporter employed by relator Express–News Corporation, asked the deputy district clerk of the 290th District Court for permission to review Dr. Sparks' report, which was part of the court's file. After conferring with respondent the clerk denied relator access to the report. One week later relators filed a formal Motion for Access to the report.

On January 22, 1990, the defendant was tried by a jury and convicted of tampering with a witness. Three days later respondent denied relators' motion for access to Dr. Sparks' report.

This court granted relators leave to file their petition for writ of mandamus in which they asked this court to order respondent to allow them to review the psychiatrist's report. Relators served notice of the filing of the petition on the Bexar County District Attorney's Office, the special prosecutor, and the attorney for the defendant Navarro. None of those parties responded. Respondent is represented by a private attorney.

■ The public's right to public trials under the First and Fourteenth Amendments to the United States Constitution includes a presumption that judicial records will be open to inspection by the press and public. *Nixon v. Warner Communications*, 435 U.S. 589, 597, 98 S.Ct. 1306, 1312, 55 L.Ed.2d 570, 579 (1978). This presumption of openness may be overcome by a countervailing interest, such as the defendant's right to a fair trial, but the reason for closure or sealing must be apparent and clearly articulated. *Richmond Newspapers v. Virginia*, 448 U.S. 555, 581, 100 S.Ct. 2814, 2829–30, 65 L.Ed.2d 973, 992 (1980); *Houston Chronicle Publishing Co. v. Hardy*, 678 S.W.2d 495, 499 (Tex.App.—

Corpus Christi 1984), *cert. denied* 470 U.S. 1052, 105 S.Ct. 1754, 84 L.Ed.2d 817 (1985).

■ In this case there has been no expressed interest countervailing the presumption of openness of judicial records. Neither the State nor the defendant has urged respondent to keep the psychiatric report secret. The defendant's right to a fair trial is not implicated as in, *e.g.*, *Gannett Co. v. DePasquale*, 443 U.S. 368, 99 S.Ct. 2898, 61 L.Ed.2d 608 (1979). His trial is over.

Respondent has filed an answer asserting that her action was based solely on a provision of the Texas Mental Health Code, TEX.REV.CIV.STAT.ANN. art. 5561h. Section 2 of that article provides that communications between a psychiatric professional and a patient, and any report of such communications, are to be held confidential. Article 5547–20 of the Code attaches a criminal penalty to the violation of its provisions.

However, as respondent acknowledges, article 5561h has been repealed "as it relates to criminal cases and criminal law matters." Acts 1985, 69th Leg., ch. 685, eff. August 26, 1985. The article has been replaced by the Texas Rules of Criminal Evidence, which provide no physician-patient privilege. *Id.* Rule 509. Respondent argues, however, that the psychiatric report in this instance never became part of the criminal case. No competency hearing was held, so no issue was joined on that subject. Dr. Sparks did not testify and his report was not introduced into evidence. Therefore the report did not become part of the criminal case and article 5561h still applies, rather than the Rules of Criminal Evidence.

We disagree. The competency examination was ordered and the report prepared pursuant to article 46.02 of the Code of *Criminal* Procedure. The only reason for performing the examination was that the patient was a defendant in a criminal case. We hold the examination and report were "criminal law matters" as contemplated by the legislature in repealing article 5561h as it relates to criminal law matters. Any

confidentiality provided by that article has no application to this case.

Absent an applicable provision of law or an asserted interest in secrecy, the only proper order respondent could have entered was to grant relators' motion for access. Mandamus will issue if there is only one proper order. *State ex rel. Holmes v. Denson*, 671 S.W.2d 896, 899 (Tex.Crim.App. 1984). We are confident respondent will act in accordance with this opinion. The writ will issue only if she fails to do so.

It is so ordered.