The SAN ANTONIO EXPRESS–NEWS, A DIVISION OF THE HEARST CORPORATION and Kym FOX, Relators,

v.

The Honorable Mary ROMAN, Judge of the 175th Judicial District Court of Bexar County, Texas, Respondent.

No. 04–93–00389–CV.

Court of Appeals of Texas, San Antonio.

Aug. 4, 1993.

G. Thomas Coghlan, Laura Cavaretta, Mark J. Cannan, Allan K. DuBois, Lang, Ladon, Green, Coghlan & Fisher, P.C., San Antonio, TX, for relators

Steven C. Hilbig, Crim. Dist. Atty., Jane Davis, Dist. Attys. Office, San Antonio, TX, for respondent.

Before REEVES, C.J., and GARCIA and RICKHOFF, JJ.

## OPINION

PER CURIAM.

This is an original proceeding in which relators, The San Antonio Express–News, a division of The Hearst Corporation, and Kym Fox, a reporter for the Express–News, seek this court to direct the trial court to rescind its order prohibiting relators from publishing the names of two witnesses in a criminal trial.

Respondent, the Honorable Mary Roman, is presently presiding over a highly publicized criminal trial of three defendants accused of severely beating Willie Crumm. After two minors testified in open court for the defense, the trial court ordered relators and the news media in general not to broadcast, report, or publish the names of these two minor witnesses. Relators challenged this order by writ of mandamus because they believe that their constitutional and statutory rights have been violated by the trial court's abuse of discretion.

Mandamus is the proper remedy to correct a clear abuse of discretion by the trial court when relator has no adequate legal remedy. *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex.1992). Because the order violates relator's state constitutional rights, and relator has no other legal remedy, mandamus is the appropriate vehicle to assail the order. *Star–Telegram, Inc. v. Walker*, 834 S.W.2d

54, 55 (Tex.1992). The trial court's failure to correctly apply the law is an abuse of discretion. *Walker v. Packer*, 827 S.W.2d at 840. There is no adequate legal remedy when there is a "manifest and urgent necessity" that cannot be addressed by other remedies. *Id.* By the time this trial reaches its conclusion, the information sought to be reported will have lost its value as news. Further, no appealable order has been entered. Relators can only test the order by violating it and subjecting themselves to a contempt proceeding. Such is hardly an adequate remedy.

■ Trial proceedings cannot be kept out of the news. That is, the media cannot be prevented from publishing accounts of judicial proceedings.[1] *Star–Telegram, Inc. v. Walker*, 834 S.W.2d at 57, 58; *Ex parte McCormick*, 129 Tex.Crim. 457, 88 S.W.2d 104, 106 (1935); *Ex parte Foster*, 44 Tex. Crim. 423, 71 S.W. 593, 596 (1903). The media enjoys the protections of the First Amendment to the United States Constitution and article 1, section 8, of the Texas Constitution. The state constitution provides even greater protection against an abridgment of free speech than does the federal constitution.[2] *Davenport v. Garcia*, 834 S.W.2d 4, 10 (Tex.1992). Thus, we shall apply our state constitution to this situation.[3]

■ A court order that "unreasonably restricts expression by preventing the dissemination of public information" violates article I, section 8, of the Texas Constitution and is a clear abuse of the trial court's discretion. *Star–Telegram, Inc. v. Walker*, 834 S.W.2d at 55. Pre-speech sanctions, or prior restraints such as gag orders, are presumed to be unconstitutional under this provision of our state constitution. *Davenport v. Garcia*, 834 S.W.2d at 9, 10.

■ Only in extraordinary circumstances will prior restraints in judicial proceedings be constitutionally justified. In those rare instances, a prior restraint will be upheld only if the court makes specific findings based on the evidence adduced that:

(1) an imminent and irreparable harm to the judicial process will deprive litigants of a just resolution of their dispute, and

(2) the judicial action represents the least restrictive means to prevent that harm.

*Star–Telegram, Inc. v. Walker*, 834 S.W.2d at 56; *Davenport v. Garcia*, 834 S.W.2d at 10; *see Ex parte McCormick*, 129 Tex.Crim. 457, 88 S.W.2d at 106; *Ex parte Foster*, 44 Tex. Crim. 423, 71 S.W. at 595. The test, established in *Davenport*, in effect balances the two purposes of the Texas Constitution: preserving free speech and press while holding each person responsible to the law for a misuse of that liberty or freedom. *Davenport v. Garcia*, 834 S.W.2d at 9 (*quoting Ex parte Tucker*, 110 Tex. 335, 220 S.W. 75 (1920)). When free speech is abused the appropriate remedy is to punish the abuse rather than to deny the right to speak. *Id.*

■ *Davenport* involved a prior restraint entered in a civil judicial proceeding—criminal proceedings were not involved. The *Davenport* test was followed in another civil proceeding in *Star–Telegram, Inc. v. Walker:* though not challenged in the criminal trial

---

1. "The proceedings and trials in all courts shall be public." TEX.CODE CRIM.PROC.ANN. art. 1.24 (Vernon 1977). This broad grant of access to the public has certain limitations. For example, the public has no right to, and may not be present during grand jury proceedings, TEX. CODE CRIM.PROC. arts. 19.05, 20.02 (Vernon 1977); *in camera* hearings, as in the case of a bill of exceptions, *Brandley v. State*, 691 S.W.2d 699, 708 (Tex.Crim.App.1985); appellate court deliberations; or jury deliberations, TEX.CODE CRIM.PRO.ANN. art. 36.22 (Vernon 1981). None of these limitations are applicable in this instance. There is no question that these proceedings, in which the minors gave their testimony, was open to and attended by the general public—which includes the news media.

2. The Texas Constitution provides:

Every person shall be at liberty to speak, write or publish his opinions on any subject, being responsible for the abuse of that privilege; and no law shall ever be passed curtailing the liberty of speech or of the press.

TEX. CONST. art. I, § 8.

3. The Texas Supreme Court found that "[t]he [federal] standard ... does not, however, sufficiently protect the rights of free expression that we believe that the fundamental law of our state secures." Thus, "[t]oday we adopt a test recognizing that article one, section eight of the Texas Constitution provides greater rights of free expression than its federal equivalent." *Davenport v. Garcia*, 834 S.W.2d 4, 10 (Tex.1992).

proceeding itself, the issue was raised in a civil lawsuit arising out of a newspaper's violation of a gag order issued in a criminal trial. The same test should be applied in determining the validity of a prior restraint entered in a criminal proceeding. The application of *Davenport* to a criminal proceeding is appropriate as a means of protecting the public's right of access to criminal trials and proceedings and free speech through the dissemination of public information (*see Ex parte McCormick*, 129 Tex.Crim. 457, 88 S.W.2d at 106; *Ex parte Foster*, 44 Tex. Crim. 423, 71 S.W. at 595)—especially when, as in this case, the criminal defendant has raised no challenge that without the gag order he will be deprived of a fair trial. *See Express–News Corp. v. MacRae*, 787 S.W.2d 451, 452 (Tex.App.—San Antonio 1990, orig. proceeding).

In the instant case, the trial was open to the public and was attended by the general public as well as the media. The testifying minors identified themselves by first and last name and gave public testimony. No request to conceal their identities was made prior to their giving testimony. Once their names were placed in the public record, before a courtroom of spectators, no constitutionally valid reason to limit access to that information existed. *Oklahoma Publishing Co. v. District Court*, 430 U.S. 308, 311, 97 S.Ct. 1045, 1047, 51 L.Ed.2d 355 (1977); *Star–Telegram, Inc. v. Walker*, 834 S.W.2d at 57.

The presumption that prior restraints violate article I, section 8, of our constitution has not been rebutted. The trial court's order contains no findings as required by *Davenport*. There is no evidence any harm will come to the judicial process which might deprive the parties of a fair trial, and there is no evidence that the gag order is the least restrictive method to prevent harm. The prohibition against reporting these witnesses' names after they were given in open court and made a part of the court's public record constitutes an invalid prior restraint on the right to disseminate public information in violation of article 1, section 8, of the Texas Constitution.

The trial court clearly abused its discretion in entering the gag order. The writ of mandamus is conditionally granted. It shall issue only should Judge Roman fail to rescind her gag order preventing the media from broadcasting, reporting, or publishing the names of these two minor witnesses.