**Lel Bruce PETO, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–98–00974–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

April 26, 2001.

Rehearing Overruled June 29, 2001.

Tony Aninao, Houston, for appellant.

Gregory A. McGee, John B. Holmes, Houston, for the State.

Panel consists of Chief Justice SCHNEIDER and Justices MIRABAL and PRICE.*

* The Honorable Frank C. Price, retired Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

## OPINION

SCHNEIDER, Chief Justice.

Appellant pleaded guilty to felony theft of the value of over $200,000 without an agreed recommendation as to punishment. The trial court ordered a pre-sentence investigation (PSI) report. After a sentencing hearing, the court sentenced appellant to 16 years in prison. Appellant raises three points of error on appeal. First, appellant argues the trial court committed reversible error in violating the psychiatrist-patient privilege. Next, appellant suggests the trial court's denial of his application for probation violated his due process rights under the Texas Constitution. Finally, appellant contends the trial court's imposition of a 16–year prison sentence for a first offense amounts to cruel and unusual punishment under the Federal Constitution. We affirm.

### Factual Background

The PSI revealed that appellant offered to sell British Petroleum a quantity of poly-vinyl chloride, (PVC) which is used to make plastic. Appellant presented forged bills of lading, which indicated the PVC was ready for delivery to British Petroleum. In reliance on these bills, the company wired payment in the amount of $220,000 to appellant's bank account. Appellant never delivered any PVC to British Petroleum. The wired payment was immediately transferred into a different account, and appellant spent all of the money on personal expenses and investments.

At the sentencing hearing, appellant contended he was a successful businessman, was merely borrowing the money from British Petroleum, and had not forged the bills of lading. Appellant claimed he entered into a legitimate business transaction with a man named Kenneth Lu, and paid him $100,000. In addition, appellant filed a letter of recommendation with the court written by Dr. Ramirez, his former psychiatrist. Dr. Ramirez had treated the appellant for issues relating to his temper and was unaware of the charges against appellant.

The trial court found the appellant guilty and sentenced appellant to 16 years in prison. Appellant then filed a motion for new trial, explaining that he had committed perjury during the sentencing hearing. Appellant admitted he forged the documents and that Kenneth Lu never existed. The court denied appellant's motion for new trial and this appeal ensued.

### Discussion

*1. Psychiatrist–Patient Privilege*

In his first point of error, appellant contends the trial court committed reversible error when it permitted appellant's psychiatrist to testify after appellant invoked the privilege against disclosure of confidential communication. A party asserting a privilege has the burden of showing that the privilege applies.

Rule 509(b) provides "[t]here is no physician-patient privilege in criminal proceedings." Tex.R.Evid. 509(b). Communications to persons involved in the voluntary treatment or examination for alcohol or drug abuse are not admissible, but this exception to Rule 509(b) does not apply here because appellant's psychiatrist was not involved in the treatment or examination for alcohol or drug abuse by appellant. The Court of Criminal Appeals has ruled that a physician-patient privilege does not apply in Texas criminal proceedings. *See State v. Hardy,* 963 S.W.2d 516, 523 (Tex.Crim.App. 1997) (concluding, in a case dealing with blood test results, that the legislature in-

tended to give effect to Rule 509 as written).[1]

Various courts have found that there is no physician-patient privilege in criminal cases. *See, e.g., Blunt v. State,* 703 S.W.2d 429, 431–32 (Tex.App.—Fort Worth 1986) (finding no physician-patient privilege exists in a driving while intoxicated case where blood work has been disclosed); *Kos v. State,* 15 S.W.3d 633, 638 (Tex. App.—Dallas 2000, pet. ref'd.) (holding that there is no physician-patient privilege in a criminal case when a patient has told his doctor about his sexual molestation of a child); *Thurman v. State,* 861 S.W.2d 96, 99 (Tex.App.—Houston [1st Dist.] 1993, no pet.) (noting, in a case about blood-alcohol test results, that there is no doctor-patient privilege in criminal cases after September 1, 1986, when Rule 509 became effective, and the statute providing the doctor-patient privilege was repealed). The policy behind this rule seems to be that, although "[s]ociety can afford the physician-patient privilege in certain civil cases to protect privacy, the need to protect the public from crime requires disclosure of the same information in criminal cases." *See Thurman,* 861 S.W.2d at 100.

A psychiatrist is a medical doctor, and courts have extended the bar against a physician-patient privilege in criminal cases to hold that there is no psychiatrist-patient privilege in criminal cases. *See e.g., Express–News Corp. v. The Hon. Sharon MacRae,* 787 S.W.2d 451, 452–53 (Tex.App.—San Antonio 1990, original proceeding) (granting a newspaper reporter access to a report prepared by a psychiatrist following a competency hearing because there is no physician-patient privilege in criminal cases); *Tumlinson v. State,* 757 S.W.2d 440, 442 (Tex.App.—Dallas 1988, pet. ref'd) (permitting a psychotherapist's testimony regarding conversations with a criminal defendant because there is no physician-patient privilege).

In addition, the revised provision in the Health and Safety Code specifies that a mental health professional "may disclose confidential information ... in any criminal proceeding as otherwise provided by law." Tex.Health & Safety Code § 611.006(a)(7) (Vernon 2000). This has not always been the rule in Texas. In 1979, the legislature first recognized the psychiatrist-patient privilege in the Mental Health Confidentiality Act. *See* Act of May 17, 1979, 66th Leg., R.S., ch. 239, 1979 Tex.Gen.Laws 512 (codified as Tex.Rev. Civ.Stat.Ann. art. 5561h (Vernon Supp. 1980)). In 1983, however, it amended the act to provide an exception to the privilege where "the patient is a victim, witness or defendant." *See* Act of June 19, 1983, 68th Leg., R.S., ch. 511, § 1, 1983 Tex.Gen. Laws 2970. Effective September 1, 1986, this act was repealed and replaced with Rule 509. *See* Act of June 14, 1985, 69th Leg., R.S., ch. 685, § 9, 1985 Tex.Gen. Laws 2475; Tex.R.Evid. 509.

Based on this statutory authority, Rule 509, and the other Texas case law, we hold that, in the present case, there was no psychiatrist-patient privilege. Appellant himself submitted a letter of recommendation by Dr. Ramirez in his PSI; the State was entitled to cross-examine Dr. Ramirez about his recommendation. At the sentencing phase, it was appropriate for the

---

1. We note that in *Hardy,* the Court of Criminal Appeals addressed as two separate matters: (1) the physician-patient privilege; and (2) the Fourth Amendment right to be free from unreasonable searches and seizures. *See Hardy,* 963 S.W.2d at 523. The Fourth Amendment issue requires a determination of whether, even if there is no "physician-patient privilege," there is still a "reasonable expectation of privacy" protected by the Constitution. *Id.* at 524. In the present case, we are not faced with a Fourth Amendment issue; appellant's objection was limited to the assertion of a psychiatrist-patient privilege.

trial judge to have all information relevant to a determination of an appropriate punishment.

We conclude that it was not error for appellant's psychiatrist to testify at the sentencing hearing. We overrule appellant's first point of error.

The discussion of the remaining points of error does not meet the criteria for publication, TEX.R.APP.P. 47, and is thus ordered not published. The judgment is affirmed.