# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-01-00530-CR

**Alexis Jermaine Castro, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF HAYS COUNTY, 22ND JUDICIAL DISTRICT
### NO. CR-00-526, HONORABLE JACK H. ROBISON, JUDGE PRESIDING[1]

Appellant Alexis Jermaine Castro appeals his convictions on three counts of aggravated sexual assault of a child and one count of indecency with a child. *See* Tex. Pen. Code Ann. '' 22.021(a)(1)(A)(i), (iii), 21.11(a)(1) (West Supp. 2002). The jury found appellant guilty of all four counts and assessed his punishment at sixty years= imprisonment for each count of aggravated sexual assault of a child and at twenty years= imprisonment for the indecency with a child count.

**Point of Error**

---

[1] Judge Jack H. Robison presided at the voir dire examination, the hearing on the motion to suppress evidence, and the penalty stage of the trial. Judge Michael McCormick presided at the guilt/innocence stage of the trial after Judge Robison became ill.

In a sole point of error, appellant contends that the trial court erred in failing to grant his pretrial motion to suppress his medical record and test results showing that on June 5, 2000, he suffered from gonorrhea. Appellant claims that there was an illegal **A**procurement**@** of the medical record in violation of the Fourth Amendment to the United States Constitution, article I, section nine of the Texas Constitution,

and article 38.23(a).  Tex. Code Crim. Proc. Ann. art. 38.23(a) (West Supp. 2002).[2]  We will affirm the convictions.

---

[2]  The sufficiency of the evidence to sustain the convictions is not challenged.  The eight-year-old complainant testified at the September 2001 trial that in May 2000 she lived with her mother and appellant, her mother=s live-in boyfriend, and their young twin daughters.  The complainant related that when her mother was not at home appellant would Aput his private in mine@ and had her commit oral sex on him.  Appellant had molested her since she was six years old.  In early June 2000, the complainant made an outcry to her biological father when abnormal stains were found on her underwear.  At the hospital, it was discovered she had gonorrhea.  She told the doctor about appellant=s actions.

Detective Scott Johnson of the San Marcos Police Department testified that a felony complaint was filed with Justice of the Peace Becky Sierra, sitting as a magistrate. A warrant was issued and appellant was arrested on June 25, 2000. While he was incarcerated, appellant=s blood was tested pursuant to a search warrant. The test proved negative for any sexually transmitted disease. On July 28, 2000, Detective Johnson learned via a telephone call that appellant had been treated at a Sexually Transmitted Disease (STD) Clinic in Austin on June 5, 2000. After the issuance of a subpoena, Johnson received a report that appellant had been treated for gonorrhea at the clinic.

Dr. Steven Harris, Director of the STD Clinic for the Austin-Travis County Health and Human Services Department, testified that on June 5, 2000, he personally examined appellant and the discharge from appellant=s penis. Dr. Harris testified that the clinic=s laboratory reports showed that appellant had gonorrhea and treatment was begun.

Appellant testified that he was asked by the complainant=s mother to leave the house on June 3, 2000, because he had been accused of sexual abuse. On June 5, 2000, appellant voluntarily went to the STD Clinic in Austin seeking help. Appellant acknowledged that he tested positive for a bacteria infection and was given medication. Appellant denied touching the complainant in a sexual way, and denied the offenses charged against him. He suggested that the complainant may have contracted gonorrhea by using the same hot and wet towels in the bathroom that he had used or got the disease Ain some other way.@

4

**Pretrial Hearing**

In his pretrial motion to suppress evidence, appellant contended that the information in his medical record at the Sexually Transmitted Disease (STD) Clinic of the Austin-Travis County Health and Human Services Department was unlawfully searched and seized without a search warrant. In his written motion, appellant urged that the warrantless procurement of the information was in violation of his right to privacy and the physician-patient privilege. No authorities were cited in the suppression motion.

The two segments of the pretrial hearing on the motion to suppress were sandwiched between the voir dire examination of the jury panel. Appellant called the only witness, Officer Scott Johnson of the San Marcos Police Department. Johnson testified that while investigating the instant offenses, he telephoned Allen Lee at the STD Clinic in Austin and learned that appellant had been treated there on June 5, 2000. Lee would not release the medical record without appellant=s consent. Johnson agreed with appellant that none of the recognized exceptions to the Fourth Amendment=s requirement of a search warrant existed. Appellant then urged that the investigative telephone call to Lee was a search.[3]

On cross-examination, the State established that Johnson later came into possession of a subpoena from AJudge Becky Sierra=s court@ and faxed the same to the STD Clinic. In return, a medical report was faxed to Johnson. It was the trial court who elicited from Johnson that the report showed appellant had tested positive for gonorrhea and had been treated at the clinic. Neither the record nor the subpoena was introduced into evidence. At the suppression hearing, the court issuing

---

[3] In his appellate brief, appellant acknowledges that he had not found any case directly on point that such a telephone call was a search.

the subpoena was not identified except as shown above. After the presentation of this meager evidence, the trial court heard arguments on the law, and then overruled the pretrial motion. It is this ruling upon which appellant relies to claim error.

**Standard of Review**

In reviewing the trial court=s ruling in a suppression hearing, a bifurcated standard of review is applied. *Carmouche v. State*, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000). Almost total deference is given to the trial court=s determination of historical facts, while a *de novo* review is conducted of the trial court=s application of the law to the facts. *Id*. This is particularly true in reviewing the lower court=s application of the law of search and seizure under the Fourth Amendment to the United States Constitution. *Id*. When, as here, the trial court makes no findings of fact or conclusions of law, we review the evidence in the light most favorable to the trial court=s ruling if supported by the record. *State v. Ballard*, 987 S.W.2d 889, 891 (Tex. Crim. App. 1999). In a suppression hearing, the trial court is the sole trier of fact and the judge of the credibility of the witnesses and the weight to be given their testimony. *State v. Ross*, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000).

**Physician-Patient Privilege**

With this background, we turn to the two contentions appellant advanced in his suppression motion. First, appellant urged that the physician-patient privilege was violated. There is, however, no physician-patient privilege in Texas *criminal* proceedings except under limited circumstances not here

**6**

applicable. *See* Tex. R. Evid. 509(b).[4] *See also State v. Hardy,* 963 S.W.2d 516, 523 (Tex. Crim. App. 1997); *Richardson v. State*, 865 S.W.2d 949, 953 n.7 (Tex. Crim. App. 1993); *Peto v. State*, 51 S.W.3d 326, 327 (Tex. App.CHouston [1st Dist.] 2001, pet. ref=d); 1 Stephen Goode et al., *Texas Practice: Texas Rules of Evidence: Civil and Criminal* ' 509.1 (2d ed. 1993). Thus, there is no physician-patient privilege in Texas criminal cases upon which appellant may rely to support his contention on appeal.

**Right to Privacy**

Next, we turn to appellant=s contention that the trial court erred in overruling the suppression motion because there was an invasion of his right to privacy. In order to present a federal or state constitutional claim based on a search and seizure, the accused must be within the purview of constitutional

---

[4] Rule 509(b) provides

Limited Privilege in Criminal Proceedings. There is no physician-patient privilege in criminal proceedings. However, a communication to any person involved in the treatment or examination of alcohol or drug abuse by a person being treated voluntarily or being examined for admission to treatment or drug abuse is not admissible in a criminal proceeding.

Tex. R. Evid. 509(b).

7

protection. He must establish that he had an actual (subjective) legitimate expectation of privacy in the invaded place or property and that this expectation of privacy is one that society is prepared to accept as objectively reasonable. *See Smith v. Maryland*, 442 U.S. 735, 740 (1979); *Katz v. United States*, 389 U.S. 340, 361 (1967); *State v. Comeaux*, 818 S.W.2d 46, 51 (Tex. Crim. App. 1991).

The proponent of a motion to suppress evidence has the burden of proving by a preponderance of the evidence that the evidence in question was obtained in violation of Fourth Amendment rights. *See Rakas v. Illinois*, 439 U.S. 123, 131 n.1, 133-34 (1978); *Wilson v. State*, 692 S.W.2d 661, 669 (Tex. Crim. App. 1985) (op. on reh=g). A subjective expectation of privacy does not by itself give rise to Fourth Amendment protections. *United States v. Smith*, 978 F.2d 171, 178 (5th Cir. 1992). The expectation of privacy must be one that society is prepared to recognize as reasonable. *Id*. The defendant must establish that an unlawful search and seizure violated his own constitutional rights. *United States v. Boruff*, 909 F.2d 111, 115 (5th Cir. 1990). It will not suffice if the challenged governmental conduct invaded the expectation of privacy of a third party. *United States v. Payner*, 447 U.S. 727, 731 (1980). If a person=s privacy has not been invaded, he has suffered no constitutional deprivation. *United States v. Briones-Garza*, 680 F.2d 417, 420 (5th Cir. 1982).

Whether an expectation of privacy was reasonable under the circumstances of the case so as to implicate the Fourth Amendment is a question of law. *Smith*, 978 F.2d at 176. And whether the governmental conduct is conduct proscribed by the Fourth Amendment analytically precedes the question of whether there is a privacy interest. *See United States v. Atton*, 960 F.2d 1427, 1431 (9th Cir. 1980).

**8**

Appellant, without citation of authority, contends that Officer Johnson=s telephone call to Allen Lee at the STD Clinic became a search when Lee acknowledged that appellant had been treated at the clinic. He urges that the situation was compounded when a subpoena was directed to a third party who faxed the medical report to Johnson. Appellant had neither the possession nor ownership of the medical record in question maintained by a third party. *See State v. Fears*, 659 S.W.2d 370, 375 (Tenn. Crim. App. 1983). The Fourth Amendment does not guarantee personal security against a search, reasonable or unreasonable, under these circumstances. *Id*. Moreover, the Fourth Amendment is implicated only if the authorities use information with respect to which the expectation of privacy has not already been frustrated. *United States v. Jacoben*, 466 U.S. 107, 117 (1984). Privacy interests may be frustrated when a third party reveals confidential information to the government. *Id*. Here, the STD Clinic, a non-law enforcement agency, responded to a subpoena and released the medical record and frustrated appellant=s privacy interest, if any. Appellant did not sustain his burden of proof.[5] We need not, however, rely on this conclusion alone.

---

[5] In his appellate brief, appellant cites article I, section 9 of the State Constitution, but he does not separately argue or cite authority that the Texas Constitution gives him greater protection than the Fourth Amendment to the United States Constitution. An appellate court will not make that argument for him. *Narvaiz v. State*, 840 S.W.2d 415, 432 (Tex. Crim. App. 1992). Despite the

## Preservation of Error

When a pretrial motion to suppress evidence is overruled, an accused need not subsequently object to the admission of the same evidence at trial in order to preserve error. *Livingston v. State*, 739 S.W.2d 311, 334 (Tex. Crim. App. 1987); *Gearing v. State*, 685 S.W.2d 326, 329 (Tex. Crim. App. 1985). However, when an accused affirmatively asserts during the trial that he has Ano objection@ to the admission of the complained-of evidence, he waives any error in the admission of the evidence despite the ruling on the suppression motion. *Gearing*, 685 S.W.2d at 329; *see also Moraguez v. State*, 701 S.W.2d 902, 904 (Tex. Crim. App. 1986); *Harris v. State*, 656 S.W.2d 481, 484 (Tex. Crim. App. 1983); *Hardin v. State*, 951 S.W.2d 208, 210 (Tex. App.CHouston [14th Dist.] 1997, no pet.); *Tuffiash v. State*, 948 S.W.2d 873, 876 (Tex. App.CSan Antonio 1997, pet. ref=d); *Montes v. State*, 876 S.W.2d 538, 539 (Tex. App.CEl Paso 1984, no pet.).

---

failure to distinguish between the levels of protection, we have considered appellant=s argument in the manner briefed. On appeal, appellant cites article 38.23(a). Tex. Code Crim. Proc. Ann. art. 38.23(a) (West Supp. 2002). Appellant has not directed our attention to any objection based on this article. We do not find that any issue was submitted to the jury based on the statute nor was any request for such instruction made.

At the trial on the merits, Dr. Steven Harris, Director of the STD Clinic, testified that on June 5, 2000, he personally examined appellant and the discharge from his penis. Dr. Harris testified that laboratory reports showed that appellant had gonorrhea and treatment was begun. Harris revealed that his clinic=s lab reports were confirmed by later lab reports from the Texas State Health Department. At the conclusion of Dr. Harris=s testimony, the State offered its exhibit four, which included the medical report in question here. Appellant=s trial counsel expressly stated: AI don=t have any objection to the introduction in the records [sic] from the clinic where he [Dr. Harris] works.@[6] The error, if any, in the pretrial suppression ruling was waived. *Gearing*, 685 S.W.2d at 329.

Moreover, appellant took the witness stand and on direct examination gave the same evidence as that complained of in the pretrial motion to suppress. The general rule is that the overruling of an objection will not result in reversal when other such evidence was received without objection either before or after the complained-of ruling. *Leday v. State*, 983 S.W.2d 713, 718 (Tex. Crim. App. 1998). This rule applies whether the other evidence was introduced by the defendant or the State. *Id.*; *Rogers v. State*, 853 S.W.2d 29, 35 (Tex. Crim. App. 1993); *Stoker v. State*, 788 S.W.2d 1, 12 (Tex. Crim. App. 1989); *Crivello v. State*, 4 S.W.3d 792, 797 (Tex. App.CTexarkana 1999, no

---

[6] Appellant did object to the balance of State=s exhibit four consisting of the actual confirmatory lab reports from the Texas State Health Department on the basis of a lack of chain of custody and the absence of scientific evidence. That objection was overruled. This objection did not withdraw the waiver discussed. Dr. Harris had testified about the results of the State lab reports without objection.

pet.). And this is particularly true where the defendant gives testimony on direct examination which establishes the same facts as those to which there was an objection. *Leday*, 983 S.W.2d at 718; *Thomas v. State*, 572 S.W.2d 507, 513 (Tex. Crim. App. 1978). Appellant claims an exception to this rule.

It is true that at the guilt-innocence phase of the trial, the general rule does not apply to a defendant=s testimony of the same facts previously objected to, if the defendant was impelled to testify to meet, destroy, and explain the evidence obtained in violation of the law and introduced by the State. *Leday*, 983 S.W.2d at 719. To remove itself from this exception, the State has the burden to show that its illegal action did not impel the defendant to testify. *Id.* An examination of the record shows that appell`ant=s testimony was not impelled to meet, destroy, or explain the complained-of testimony. Nothing in appellant=s testimony rebutted the introduction of the medical record. Appellant used his testimony to deny the offenses and to advance the defensive claim that the complainant contracted gonorrhea by sharing hot and wet towels with him Aor in some other way.@ Appellant was the only male living in the house where the complainant lived with her mother and the complainant had testified that appellant committed the offenses alleged. The State had introduced strong evidence of guilt other than the medical report. All the facts, direct and circumstantial, are sufficient to have induced appellant to testify independent of the complained-of testimony. *See Montemayor v. State*, 55 S.W.3d 78, 86 (Tex. App.CAustin 2001, pet. ref=d). Appellant=s testimony also came after the first waiver of the claimed error. The State met its burden.

Under the general rule, appellant=s own testimony to the same effect as the medical record was a second waiver of any claimed error. The sole point of error is overruled.[7]

The judgment of conviction is affirmed.

_____

John F. Onion, Jr., Justice

Before Justices B. A. Smith, Yeakel and Onion[*]

Affirmed

Filed: October 17, 2002

Do Not Publish

[*] Before John F. Onion, Jr., Presiding Judge (retired), Court of Criminal Appeals, sitting by assignment. *See* Tex. Gov=t Code Ann. ' 74.003(b) (West 1998).

_____

[7] A point of error on appeal must not only correspond to an objection or motion at trial, *Turner v. State*, 805 S.W.2d 423, 431 (Tex. Crim. App. 1991), but also an objection or motion which states one legal theory cannot be used to support a different legal theory on appeal. *Broxton v. State*, 909 S.W.2d 912, 918 (Tex. Crim. App. 1995); *Rezac v. State*, 782 S.W.2d 869, 870 (Tex. Crim. App. 1980); *Thomas v. State*, 723 S.W.2d 696, 700 (Tex. Crim. App. 1986). In his appellate brief and reply brief, appellant attacks the validity of the subpoena issued by a Justice of the Peace sitting as a magistrate after a felony complaint against appellant had been filed. The subpoena was directed to a third party and was never introduced at the pretrial suppression hearing. Appellant contends that the magistrate had no authority to issue the subpoena despite the pending criminal proceeding, that Detective Johnson had no authority to obtain the subpoena, and that the subpoena did not conform to the civil or criminal statutes or rules, etc. While the subpoena was introduced at trial, appellant has not directed us to the record where objections supporting these claims were made. There has been no compliance with the briefing rules. Tex. R. App. P. 38.1(h). Without an objection, no error is preserved. Tex. R. App. P. 33.1. We do not find that the issue of the validity of the subpoena calls for a different conclusion than we have reached.

13