NO. 07-09-0297-CR

 IN THE COURT OF APPEALS

 FOR THE SEVENTH DISTRICT OF TEXAS

 AT AMARILLO

 PANEL A

 NOVEMBER 10, 2010

 ROBERT DAVID ARGUIJO, APPELLANT

 v.

 THE STATE OF TEXAS, APPELLEE

 FROM THE 242ND DISTRICT COURT OF CASTRO COUNTY;

 NO. B3145-0708; HONORABLE EDWARD SELF, JUDGE

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

 MEMORANDUM OPINION

 On August 28, 2009, Appellant, Robert David Arguijo, was
adjudicated guilty of the offense of aggravated assault[1] and
sentenced to ten years confinement and a fine of $5,000. In a single
issue, Appellant asserts the trial court abused its discretion by
denying him the opportunity to hire counsel of his choice. We affirm.

 Background

 On February 12, 2008, Appellant entered a plea of guilty to the
offense of aggravated assault. Pursuant to a plea bargain, he was
granted five years deferred adjudication community supervision.

 On December 31, 2008, the State filed an Amended Motion to
Proceed to Adjudication alleging the following violations of the terms
and conditions of his community supervision: (1) failed to report to
the Community Supervision Officer, (2) failed to pay restitution,
fees, and costs, and (3) failed to complete community service hours.
On April 2, 2009, following a hearing on the State's amended motion,
the trial court entered an order continuing Appellant on deferred
adjudication community supervision and modifying the terms thereof to
include, among other conditions, Appellant's commitment to the Lubbock
County Court Residential Treatment Center.

 On July 22, 2009, the State filed a subsequent Motion to Proceed
to Adjudication alleging Appellant failed to complete the court-
ordered residential treatment center program. On August 6, Appellant
filed an affidavit of financial status which indicated he had no
income and requested court-appointed counsel. The same day, the trial
court appointed Kregg Hukill to represent Appellant and set a hearing
on the State's Motion to Proceed to Adjudication for August 28.

 Prior to the commencement of the hearing on August 28,
Appellant's counsel announced he was ready to proceed but indicated
that Appellant wanted more time to hire an attorney of his choosing.
Thereafter, the following exchange occurred:

 DEFENDANT: Your honor, I would like to ask for more time so I
 could hire my own lawyer.

 COURT: You asked the Court to appoint a lawyer for you
 on August 6, 2009. You submitted a financial
 affidavit indicating you had no income.
 That's why Mr. Hukill was appointed for you.
 So why do you think you can afford to hire your
 own lawyer now?

 DEFENDANT: My mother is going to help me.

 COURT: Why didn't she help before?

 DEFENDANT: I had no contact with her at the time. I didn't know
 if she was going to be able to.

 COURT: How much time is it going to take you to get a
 lawyer, then?

 DEFENDANT: I think about---I'm not sure, your Honor.

 COURT: Not sure?

 DEFENDANT: No, sir.

 COURT: I will deny your motion for continuance, then.
 We'll proceed.

 Appellant signed a stipulation of evidence admitting that all of
the facts and allegations in the State's motion to adjudicate were
true and correct and, thereafter, entered a plea of true. The trial
court adjudicated Appellant guilty and sentenced him to ten years
confinement and assessed a $5,000 fine, court costs, restitution and
attorney's fees--previously assessed but unpaid. This appeal
followed.

 Discussion

 Appellant contends the trial court erred by denying a request
for a continuance so that he could retain counsel of his choosing
rather than proceed with the attorney who had been appointed to
represent him.

 Standard of Review

 Appellant's request to the trial court for more time to retain
different counsel and his appellate complaint involving the denial of
that request is a challenge to the denial of a motion for a
continuance.[2] See Coleman v. State, 188 S.W.3d 708, 722-24
(Tex.App.--Tyler 2005, pet. ref'd), cert. denied, 549 U.S. 999, 127
S.Ct. 502, 166 L.Ed.2d 376 (2006). The denial of a motion for
continuance is within the sound discretion of the trial court, and our
review of the denial of such a motion is limited to whether the trial
court abused that discretion. Renteria v. State, 206 S.W.3d 689, 699
(Tex.Crim.App. 2006); Janecka v. State, 937 S.W.2d 456, 468
(Tex.Crim.App. 1996), cert. denied, 522 U.S. 825, 118 S.Ct. 86, 139
L.Ed.2d 43 (1997).

 To establish an abuse of discretion, there must be a showing
that the defendant was actually prejudiced by the denial of his
motion. Janeka, 937 S.W.2d at 468. A bare assertion of prejudice
will not suffice. Gallo v. State, 239 S.W.3d 757, 764 (Tex.Crim.App.
2007). Rather, "a defendant must demonstrate both that the trial
court erred in denying the motion and that the lack of a continuance
harmed him." Gonzales v. State, 304 S.W.3d 838, 843 (Tex.Crim.App.
2010). Examples of specific prejudice include unfair surprise, an
inability to effectively cross-examine witnesses, and the inability to
elicit crucial testimony from potential witnesses. Janecka, 937
S.W.2d at 468.

 Motion for Continuance

 While the Sixth Amendment of the United States Constitution and
article I, section 10 of the Texas Constitution provide an accused in
a criminal prosecution with the right to counsel of his or her own
choosing, U.S. Const. amend VI; Tex. Const. art. I, § 10,[3] "[t]he
choice of counsel of one's choice is not absolute, and may under some
circumstances be forced to bow to 'the general interest in the prompt
and efficient administration of justice.'" Rosales v. State, 841
S.W.2d 368, 374 (Tex.Crim.App. 1992) (footnote omitted) (quoting Gandy
v. Alabama, 569 F.2d 1318, 1323 (5th Cir. 1978), cert. denied, 510
U.S. 949, 114 S.Ct. 393, 126 L.Ed.2d 341 (1993)).

 A defendant's Sixth Amendment rights are protected when he has
effective assistance from either retained or appointed counsel;
Trammel v. State, 287 S.W.3d 336, 343 (Tex.App.--Fort Worth 2009, no
pet.) (collected cases cited therein), and, once the trial court
appoints an attorney to represent the defendant, there must be some
principled reason to justify the replacement of appointed counsel.
Buntion v. Harmon, 827 S.W.2d 945, 949 (Tex.Crim.App. 1992) (orig.
proceeding). See Thomas, 550 S.W.2d at 68.[4] A defendant does not
have the right to the appointed counsel of his choice and the
accused's right to select his own counsel cannot be insisted upon or
manipulated so as to obstruct the orderly procedure in the courts or
to interfere with the fair administration of justice. Ex parte Davis,
818 S.W.2d 64, 66 (Tex.Crim.App. 1991); Webb v. State, 533 S.W.2d 780,
786 (Tex.Crim.App. 1976). Thus, an accused may not wait until the day
of trial to demand different counsel or request counsel be dismissed
so that he may retain other counsel because such a delay interferes
with the timely administration of justice. Robles v. State, 577
S.W.2d 699, 704 (Tex.Crim.App. [Panel Op.] 1979) (collected cases
cited therein).

 The State filed its motion to proceed on July 22, 2009. Fifteen
days later, Appellant requested that the trial court appoint counsel
because he was indigent. The same day, the trial court appointed
counsel and scheduled a revocation hearing for August 28, twenty-two
days later. During the interim, Appellant did not seek a continuance
or new representation. Rather, on the day of the hearing, Appellant
requested a continuance to hire a new attorney for no other reason
than his mother had agreed to pay the cost.[5] His mother did not
attend the hearing to verify that she would be subsidizing new
representation, Appellant did not know who his new counsel would be
and his request for more time was open-ended, i.e., he could not tell
the trial court how long it would take to find a new attorney.
Further, prior to making the request, his court-appointed attorney had
announced he was ready to proceed and, after the trial court denied
Appellant's request, ably represented Appellant throughout the
remainder of the hearing. Appellant makes no showing that the lack of
a continuance harmed him. Based upon this record, we cannot say the
trial court abused its discretion by denying Appellant's motion for a
continuance. Accordingly, Appellant's sole issue is overruled.

 Conclusion

 The trial court’s judgment is affirmed.

 Patrick A. Pirtle
 Justice

Do not publish.
-----------------------
[1]Tex. Penal Code Ann. § 22.02(a)(2) (Vernon Supp. 2010).

[2]The Texas Rules of Criminal Procedure provide that "[a] criminal
action may be continued on the written motion . . . of the defendant,
upon sufficient cause shown." Tex. Code Crim. Proc. Ann. art. 29.03
(Vernon 2006).

[3]The Due Process Clause of the Fourteenth Amendment guarantees the
same right to the assistance of counsel, including the right to the
appointment of counsel in the case of an indigent defendant, in state
criminal proceedings. Thomas v. State, 550 S.W.2d 64, 67
(Tex.Crim.App. 1977) (citing Argersinger v. Hamlin, 407 U.S. 25, 92
S.Ct. 2006, 32 L.Ed.2d 530 (1972)).

[4]An accused bears the burden of proving that he is entitled to a
change of counsel. King v. State, 511 S.W.2d 32, 34 (Tex.Crim.App.
1974).

[5]Appellant did not assert, and the record does not reflect, any bad
faith, insincerity, or disloyalty towards Appellant by his attorney.