NO. 07-09-0297-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

NOVEMBER 10, 2010

_____

ROBERT DAVID ARGUIJO, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 242ND DISTRICT COURT OF CASTRO COUNTY;

NO. B3145-0708; HONORABLE EDWARD SELF, JUDGE

_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

On August 28, 2009, Appellant, Robert David Arguijo, was adjudicated guilty of the offense of aggravated assault[1] and sentenced to ten years confinement and a fine of $5,000. In a single issue, Appellant asserts the trial court abused its discretion by denying him the opportunity to hire counsel of his choice. We affirm.

---

[1]Tex. Penal Code Ann. § 22.02(a)(2) (Vernon Supp. 2010).

## Background

On February 12, 2008, Appellant entered a plea of guilty to the offense of aggravated assault. Pursuant to a plea bargain, he was granted five years deferred adjudication community supervision.

On December 31, 2008, the State filed an *Amended Motion to Proceed to Adjudication* alleging the following violations of the terms and conditions of his community supervision: (1) failed to report to the Community Supervision Officer, (2) failed to pay restitution, fees, and costs, and (3) failed to complete community service hours. On April 2, 2009, following a hearing on the State's amended motion, the trial court entered an order continuing Appellant on deferred adjudication community supervision and modifying the terms thereof to include, among other conditions, Appellant's commitment to the Lubbock County Court Residential Treatment Center.

On July 22, 2009, the State filed a subsequent *Motion to Proceed to Adjudication* alleging Appellant failed to complete the court-ordered residential treatment center program. On August 6, Appellant filed an affidavit of financial status which indicated he had no income and requested court-appointed counsel. The same day, the trial court appointed Kregg Hukill to represent Appellant and set a hearing on the State's *Motion to Proceed to Adjudication* for August 28.

Prior to the commencement of the hearing on August 28, Appellant's counsel announced he was ready to proceed but indicated that Appellant wanted more time to hire an attorney of his choosing. Thereafter, the following exchange occurred:

| | |
|---|---|
| DEFENDANT: | Your honor, I would like to ask for more time so I could hire my own lawyer. |
| COURT: | You asked the Court to appoint a lawyer for you on August 6, 2009. You submitted a financial affidavit indicating you had no income. That's why Mr. Hukill was appointed for you. So why do you think you can afford to hire your own lawyer now? |
| DEFENDANT: | My mother is going to help me. |
| COURT: | Why didn't she help before? |
| DEFENDANT: | I had no contact with her at the time. I didn't know if she was going to be able to. |
| COURT: | How much time is it going to take you to get a lawyer, then? |
| DEFENDANT: | I think about---I'm not sure, your Honor. |
| COURT: | Not sure? |
| DEFENDANT: | No, sir. |
| COURT: | I will deny your motion for continuance, then. We'll proceed. |

Appellant signed a stipulation of evidence admitting that all of the facts and allegations in the State's motion to adjudicate were true and correct and, thereafter, entered a plea of true. The trial court adjudicated Appellant guilty and sentenced him to ten years confinement and assessed a $5,000 fine, court costs, restitution and attorney's fees--previously assessed but unpaid. This appeal followed.

**Discussion**

Appellant contends the trial court erred by denying a request for a continuance so that he could retain counsel of his choosing rather than proceed with the attorney who had been appointed to represent him.

3

**Standard of Review**

Appellant's request to the trial court for more time to retain different counsel and his appellate complaint involving the denial of that request is a challenge to the denial of a motion for a continuance.[2]  *See Coleman v. State*, 188 S.W.3d 708, 722-24 (Tex.App.--Tyler 2005, pet. ref'd), *cert. denied*, 549 U.S. 999, 127 S.Ct. 502, 166 L.Ed.2d 376 (2006).  The denial of a motion for continuance is within the sound discretion of the trial court, and our review of the denial of such a motion is limited to whether the trial court abused that discretion.  *Renteria v. State*, 206 S.W.3d 689, 699 (Tex.Crim.App. 2006); *Janecka v. State*, 937 S.W.2d 456, 468 (Tex.Crim.App. 1996), *cert. denied*, 522 U.S. 825, 118 S.Ct. 86, 139 L.Ed.2d 43 (1997).

To establish an abuse of discretion, there must be a showing that the defendant was actually prejudiced by the denial of his motion.  *Janeka*, 937 S.W.2d at 468.  A bare assertion of prejudice will not suffice.  *Gallo v. State*, 239 S.W.3d 757, 764 (Tex.Crim.App. 2007).  Rather, "a defendant must demonstrate both that the trial court erred in denying the motion and that the lack of a continuance harmed him."  *Gonzales v. State*, 304 S.W.3d 838, 843 (Tex.Crim.App. 2010).  Examples of specific prejudice include unfair surprise, an inability to effectively cross-examine witnesses, and the inability to elicit crucial testimony from potential witnesses.  *Janecka*, 937 S.W.2d at 468.

---

[2]The Texas Rules of Criminal Procedure provide that "[a] criminal action may be continued on the written motion . . . of the defendant, upon sufficient cause shown."  Tex. Code Crim. Proc. Ann. art. 29.03 (Vernon 2006).

**Motion for Continuance**

While the Sixth Amendment of the United States Constitution and article I, section 10 of the Texas Constitution provide an accused in a criminal prosecution with the right to counsel of his or her own choosing, U.S. Const. amend VI; Tex. Const. art. I, § 10,[3] "[t]he choice of counsel of one's choice is not absolute, and may under some circumstances be forced to bow to 'the general interest in the prompt and efficient administration of justice.'" *Rosales v. State*, 841 S.W.2d 368, 374 (Tex.Crim.App. 1992) (footnote omitted) (quoting *Gandy v. Alabama*, 569 F.2d 1318, 1323 (5th Cir. 1978), *cert. denied*, 510 U.S. 949, 114 S.Ct. 393, 126 L.Ed.2d 341 (1993)).

A defendant's Sixth Amendment rights are protected when he has effective assistance from either retained or appointed counsel; *Trammel v. State*, 287 S.W.3d 336, 343 (Tex.App.--Fort Worth 2009, no pet.) (collected cases cited therein), and, once the trial court appoints an attorney to represent the defendant, there must be some principled reason to justify the replacement of appointed counsel. *Buntion v. Harmon*, 827 S.W.2d 945, 949 (Tex.Crim.App. 1992) (orig. proceeding). *See Thomas*, 550 S.W.2d at 68.[4] A defendant does not have the right to the appointed counsel of his choice and the accused's right to select his own counsel cannot be insisted upon or manipulated so as to obstruct the orderly procedure in the courts or to interfere with the

---

[3]The Due Process Clause of the Fourteenth Amendment guarantees the same right to the assistance of counsel, including the right to the appointment of counsel in the case of an indigent defendant, in state criminal proceedings. *Thomas v. State*, 550 S.W.2d 64, 67 (Tex.Crim.App. 1977) (citing *Argersinger v. Hamlin*, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972)).

[4]An accused bears the burden of proving that he is entitled to a change of counsel. *King v. State*, 511 S.W.2d 32, 34 (Tex.Crim.App. 1974).

fair administration of justice. *Ex parte Davis*, 818 S.W.2d 64, 66 (Tex.Crim.App. 1991); *Webb v. State*, 533 S.W.2d 780, 786 (Tex.Crim.App. 1976). Thus, an accused may not wait until the day of trial to demand different counsel or request counsel be dismissed so that he may retain other counsel because such a delay interferes with the timely administration of justice. *Robles v. State,* 577 S.W.2d 699, 704 (Tex.Crim.App. [Panel Op.] 1979) (collected cases cited therein).

The State filed its motion to proceed on July 22, 2009. Fifteen days later, Appellant requested that the trial court appoint counsel because he was indigent. The same day, the trial court appointed counsel and scheduled a revocation hearing for August 28, twenty-two days later. During the interim, Appellant did not seek a continuance or new representation. Rather, on the day of the hearing, Appellant requested a continuance to hire a new attorney for no other reason than his mother had agreed to pay the cost.[5] His mother did not attend the hearing to verify that she would be subsidizing new representation, Appellant did not know who his new counsel would be and his request for more time was open-ended, i.e., he could not tell the trial court how long it would take to find a new attorney. Further, prior to making the request, his court-appointed attorney had announced he was ready to proceed and, after the trial court denied Appellant's request, ably represented Appellant throughout the remainder of the hearing. Appellant makes no showing that the lack of a continuance harmed him. Based upon this record, we cannot say the trial court abused its discretion by denying Appellant's motion for a continuance. Accordingly, Appellant's sole issue is overruled.

---

[5]Appellant did not assert, and the record does not reflect, any bad faith, insincerity, or disloyalty towards Appellant by his attorney.

## Conclusion

The trial court's judgment is affirmed.

Patrick A. Pirtle
Justice

Do not publish.